# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

**SHARON WEINSTOCK**, individually,
as the legal guardian of plaintiff Geula Weinstock,
and as personal representative of the Estates of
Yitzchak Weinstock, Dov Weinstock,
Rabbi Simon Dolgin, and Shirley Dolgin;
**MOSHE WEINSTOCK**, individually,
as the legal guardian of Geula Weinstock,
and as personal representative of the Estates of
Yitzchak Weinstock and Dov Weinstock;
**GEULA WEINSTOCK**;
**ARYEH WEINSTOCK**;
**CHAIM WEINSTOCK**;
**ESTATE OF YITZCHAK WEINSTOCK**;
**ESTATE OF DOV WEINSTOCK**;
**ESTATE OF RABBI SIMON DOLGIN**; and
**ESTATE OF SHIRLEY DOLGIN**,

Civil Action No. _____

**Jury Trial Demanded**

Plaintiffs,

vs.

**MOUSA MOHAMMED ABU MARZOOK**,
(a/k/a "Musa Abu Marzook," "Mousa Abu Marzouk,"
"Musa Abu Marzouk," "Abu Omar," or "Abu Umar")

Defendant.

_____/

## COMPLAINT

Plaintiffs, by counsel, bring this action for damages against defendant, Mousa Mohammed Abu Marzook, and allege as follows:

## INTRODUCTION

1. This is a civil action pursuant to the Antiterrorism Act, 18 U.S.C. § 2333, seeking damages for wrongful death, personal injury and related torts, arising from a terrorist shooting attack executed by the Hamas terrorist organization on December 1, 1993, near Jerusalem, Israel, in which Yitzchak Weinstock, a 19-year-old U.S. citizen, was murdered (the "Terrorist Attack").

2. This action is brought by decedent Yitzchak Weinstock's estate, mother, and siblings, all of whom are U.S. citizens, the estate of his late father, and the estates of his late grandparents, both of whom were U.S. citizens.

3. The defendant, Mousa Mohammed Abu Marzook ("Abu Marzook"), who is, and all times relevant hereto was, a senior leader of Hamas, provided Hamas with extensive funding and took other actions that facilitated, enabled, and caused the Terrorist Attack.

4. Defendant Abu Marzook is a federal fugitive. He left the United States in May 1997, and was indicted in 2003 by the U.S. Government for some of the activities from which this action arises, but has refused to return to the United States to face those charges.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 2333 and 2338.

6. This Court has personal jurisdiction over defendant Abu Marzook because, as detailed below, Abu Marzook took the actions that render him liable to the plaintiffs while he was personally present in the United States, and through agents present in the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3).

## THE PARTIES

8. Plaintiff Sharon Weinstock is and at all times was an American citizen. She is the mother, heir and co-personal representative of the estate of American citizen Yitzchak Weinstock, who was murdered in the Terrorist Attack. She is also the mother and co-legal guardian of plaintiff Geula Weinstock. She is also the widow and co-personal representative of the estate of Dov Weinstock, the late father and heir of Yitzchak Weinstock. She is also the personal representative of the estates of American citizens Rabbi Simon Dolgin, and Shirley

Dolgin, the late grandparents of Yitzchak Weinstock. Sharon Weinstock brings this action individually, as legal guardian of plaintiff Geula Weinstock, and as personal representative of the estates of Yitzchak Weinstock, Dov Weinstock, Rabbi Simon Dolgin, and Shirley Dolgin.

9. Plaintiff Moshe Weinstock is and at all times was an American citizen. He is the brother of decedent Yitzhak Weinstock, and co-personal representative of the estates of Yitzchak Weinstock and Dov Weinstock. He is also the co-legal guardian of plaintiff Geula Weinstock. Moshe Weinstock brings this action individually, as the legal guardian of Geula Weinstock, and as personal representative of the estates of Yitzchak Weinstock and Dov Weinstock.

10. Plaintiff Geula Weinstock is and at all times was an American citizen. She is the sister of decedent Yitzhak Weinstock. Geula Weinstock is represented in this action by her legal guardians, Sharon Weinstock and Moshe Weinstock.

11. Plaintiff Aryeh Weinstock is and at all times was an American citizen. He is the brother of decedent Yitzhak Weinstock.

12. Plaintiff Chaim Weinstock is and at all times was an American citizen. He is the brother of decedent Yitzhak Weinstock.

13. Plaintiff the Estate of Yitzchak Weinstock brings this action through its co-personal representatives, Sharon Weinstock and Moshe Weinstock.

14. Plaintiff the Estate of Dov Weinstock brings this action through its co-personal representatives, Sharon Weinstock and Moshe Weinstock.

15. Plaintiff the Estate of Rabbi Simon Dolgin brings this action through its personal representative, Sharon Weinstock.

16. Plaintiff the Estate of Shirley Dolgin brings this action through its personal representative, Sharon Weinstock.

17. Defendant Mousa Mohammed Abu Marzook has been a senior leader of the Hamas terrorist organization for decades, and currently serves as the Deputy Chief of the Hamas Political Bureau. In the years prior to the Terrorist Attack, acting personally from within the United States and through agents located within the United States, Abu Marzook transferred millions of dollars to Hamas, and took other actions, which enabled, facilitated and caused the Terrorist Attack.

## STATEMENT OF FACTS

### Abu Marzook and Hamas

18. Defendant Abu Marzook was born in the Egyptian-controlled Gaza Strip in 1951. In the 1970s, Abu Marzook became a follower, close associate, and protégé of Sheikh Ahmed Yassin, a militant Gaza-based Islamic cleric.

19. In 1981, after receiving an engineering degree in Egypt, Abu Marzook moved to the United States with his wife and children, and pursued graduate studies in Colorado and Louisiana. He was continuously domiciled and resident in the United States from 1981 until early 1993.

20. In December 1987, defendant Abu Marzook, his mentor Sheikh Yassin, and other Islamic militants, founded the "Islamic Resistance Movement," better known as "Hamas" (which is an acronym for its name in Arabic, **Ha**rakat al-**M**uqawamah **a**l-**Is**lamiyya).

21. Hamas' official charter calls for the annihilation of the State of Israel and the creation of an Islamic state in the territory comprising Israel, the West Bank and the Gaza Strip. Since its founding, Hamas has sought to achieve this goal by using terrorist violence to weaken, undermine and demoralize the State of Israel, and Israel's population, institutions, and economy.

Hamas' founding charter explicitly provides that the "usurpation of Palestine by the Jews" should be reversed through a "holy war" and the use of violence.

22. At all relevant times, Hamas has carried out terrorist attacks through its military wing, known as the Izz A-Din Al-Qassam Brigades ("Al-Qassam Brigades").

23. At all times, Hamas has used terrorist attacks to attempt to force and intimidate the government and citizens of Israel to cede physical and political control over Israel, the West Bank, and the Gaza Strip, in order to establish an Islamic government in these areas.

24. At all times, Hamas has also used terrorist violence to create an atmosphere of crisis and instability in the Middle East, in order to draw the United States into the Israeli-Palestinian conflict in the role of moderator. Hamas does this because it believes that the United States is interested in achieving calm and stability in the Middle East, and will therefore use its influence with Israel to convince Israel to make concessions to the Palestinians in order to end the terrorist violence perpetrated by Hamas and achieve calm.

25. At all times Abu Marzook fully endorsed, supported, agreed with, and acted to realize and accomplish, all of Hamas' goals, and all of the terrorist means Hamas used to achieve those goals, described herein.

26. Upon Hamas' establishment in late 1987, Abu Marzook began to carry out extensive activities in the United States on behalf and in support of Hamas. These activities continued through the date of the Terrorist Attack, December 1, 1993. Among the activities he performed on behalf and in support of Hamas in the United States between late 1987 and the date of the Terrorist Attack, Abu Marzook: (a) raised millions of dollars for Hamas which he sent and/or caused to be sent to Hamas, and to Hamas leaders and operatives, in the West Bank and Gaza Strip; (b) built and organized a permanent U.S.-based fund-raising and recruitment

apparatus for Hamas, consisting of both individuals domiciled in the U.S. and U.S.-incorporated associations; (c) recruited individuals domiciled in the U.S. and elsewhere to serve as leaders and operatives in Hamas, and to perform a wide variety of services and actions on behalf of Hamas in the United States, in the West Bank and Gaza Strip, and elsewhere; and (d) sent Hamas operatives from the United States to the West Bank and Gaza, bearing instructions and funds supplied by Abu Marzook, for the purpose of organizing and funding Hamas terrorist attacks.

27. In 1991, while domiciled and residing in the United States, Abu Marzook was elected Chief of the Hamas Political Bureau.

28. In early 1993 Abu Marzook relocated to Jordan, where he continued to carry out his fund-raising, recruitment, organizational, and other activities on behalf of Hamas, through Hamas operatives based in the U.S. and Hamas-affiliated associations incorporated in the U.S.

29. In July 1995 Abu Marzook attempted to re-enter the United States but was arrested when he landed at New York's John F. Kennedy Airport. He was held in federal custody until May 1997, pursuant to an Israeli extradition request which was later withdrawn, and pending various U.S. immigration and deportation proceedings.

30. Abu Marzook was formally designated by the United States Department of the Treasury as a "Specially Designated Terrorist" on August 29, 1995.

31. In May 1997 Abu Marzook was deported from the United States.

32. In 2003, a federal grand jury indicted Abu Marzook on racketeering charges for his Hamas-related activities in the United States beginning in 1988. *U.S. v. Abu Marzook, et al.*, 1:03-cr-00978 (N.D.Ill). Following the unsealing of this indictment in August 2004, the U.S. Attorney for the Northern District of Illinois issued an official press release, correctly summarizing Abu Marzook's U.S.-based Hamas activities as follows:

> From 1988 until February 1993, while living in the United States, Marzook coordinated and financed the activities of Hamas within the United States and elsewhere, first from Louisiana and then from Northern Virginia. During that period, he traveled throughout the United States to meet with other American-based Hamas members, as well as foreign-based Hamas members traveling to the United States for organizational purposes. Abu Marzook additionally maintained constant phone contact with Hamas membership and leadership in the United States and abroad. During this time, he also maintained and shared numerous bank accounts through which substantial sums of money were transferred from bank accounts located outside the United States to other accounts within the United States … for ultimate disbursal to accounts and individuals outside the United States for use in furtherance of Hamas[1]

33. The U.S. Attorney also confirmed that Abu Marzook is "a fugitive from justice." *Id*.

34. Abu Marzook provided Hamas the financial support, personnel, organization-building activities and assistance, and other material resources and support described herein, with the specific intent of enabling, facilitating and causing acts of terrorism and murder by Hamas, including the Terrorist Attack. Abu Marzook did so for the purpose and with the specific intent of advancing and achieving Hamas' goals of using terrorism to coerce, intimidate, and influence the Israeli government and public, and the U.S. government.

35. The financial support, personnel, organization-building activities and assistance, and other material resources and support provided by Abu Marzook to Hamas, described herein, enabled, facilitated, and caused Hamas to build, maintain and activate the human, material, and

---

[1] Available at: https://www.justice.gov/archive/usao/iln/chicago/2004/pr0820_01.pdf

operational resources and infrastructure needed and used by Hamas to plan, organize and execute acts of terrorism and murder, including the Terrorist Attack.

## The Terrorist Attack

36.     On November 30, 1993, U.S. citizen Yitzchak Weinstock, then 19, stayed the night at the home of his grandparents, Rabbi Simon Dolgin and Shirley Doglin, in Jerusalem.

37.     Yitzchak had spent the previous year studying in a yeshiva located north of Jerusalem, and he planned to travel the following morning to pay a visit to his rabbis, teachers, and friends at the yeshiva.

38.     The next morning, December 1, 1993, Yitzchak traveled from his grandparents' home to Highway 60, a major North-South artery that runs from the city of Nazareth in the Galilee to the city of Beer Sheba in the Negev desert, intersecting Jerusalem.

39.     Yitzhak hitched a ride with a private car headed north on Highway 60. In addition to Yitzhak and the driver, the driver's daughter and another hitchhiker, Shalva Ozana, were also in the car. A short time later, about nine miles north of Jerusalem, the car's exhaust pipe developed a problem, and the driver stopped his car on the side of the road. The driver got out of the car to fix the problem, and Yitzhak also exited the car, to help the driver with the repair.

40.     At an unknown time prior to December 1, 1993, Hamas' military wing, the Al-Qassam Brigades, had planned, conspired and made preparations to carry out a terrorist shooting on Highway 60 north of Jerusalem.

41.     Pursuant to the aforementioned plan, a vehicle containing three terrorist operatives of Hamas' Al-Qassam Brigades armed with automatic assault rifles approached Yitzhak and the driver as they were attempting to resolve the exhaust pipe problem. The Hamas vehicle pulled up alongside the disabled car, and the terrorists inside opened fire with their

automatic weapons on Yitzhak and his traveling companions. The Hamas vehicle then sped from the scene and successfully escaped.

42. Yitzhak and the other hitchhiker, Shalva Ozana, were both hit by the Hamas machine-gun fire. Ms. Ozana, a 24-year-old kindergarten teacher, was killed on the spot, and Yitzhak was mortally wounded.[2] Paramedics performed emergency procedures on Yitzhak at the scene and rushed him to Hadassah Medical Center in Jerusalem. A team of doctors at Hadassah attempted to save Yitzhak's life for some 18 hours, but he died of his wounds early the following day, December 2, 1993.

43. In an official written Arabic-language communiqué distributed by Hamas a short time later in the West Bank (which was obtained by Israeli authorities and included in a still-classified intelligence survey to which plaintiffs were recently permitted special access) Hamas confirmed that it had carried out the Terrorist Attack in which Yitzhak Weinstock was murdered.

44. Hamas was enabled to, and did in fact: recruit, indoctrinate, conceal, and train the operatives who carried out the Terrorist Attack; purchase the weapons and vehicle used in the Terrorist Attack; build, maintain and activate the human, material, and operational infrastructure needed and used to plan, organize and execute the Terrorist Attack; and take all the other steps necessary to carry out the Terrorist Attack; as the result of, due to, and by utilizing, the financial support, personnel, organization-building activities and assistance, and other material resources and support that were provided by Abu Marzook to Hamas for the specific purpose of enabling, facilitating and causing such acts of terrorism and murder.

---

[2] The driver and his daughter were also lightly wounded in the attack.

## FIRST CAUSE OF ACTION
## INTERNATIONAL TERRORISM PURSUANT TO 18 U.S.C. § 2333

45. The preceding paragraphs are incorporated by reference as though fully set forth herein.

46. The actions of defendant Abu Marzook constituted "acts of international terrorism" as defined in 18 U.S.C. § 2331.

47. As required by § 2331, the actions of defendant Abu Marzook constituted a violation of numerous federal and state criminal laws, including without limitation the criminal violations for which he was indicted, and which were identified in the indictment as predicate racketeering crimes, in *U.S. v. Abu Marzook, et al.*, 1:03-cr-00978 (N.D.Ill).

48. As required by § 2331, Abu Marzook's actions were dangerous to human life, because since its establishment Hamas has been a violent terrorist organization which has murdered scores of innocent civilians, including numerous U.S. citizens, and has openly proclaimed its intention to murder other such innocent civilians.

49. As required by § 2331, Abu Marzook's actions transcended national boundaries in terms of the means by which they were accomplished, the persons they appeared intended to intimidate or coerce, and the locales in which Abu Marzook operated and sought asylum.

50. As required by § 2331, Abu Marzook's actions appeared to be intended to intimidate and coerce a civilian population (the civilian population of Israel), to influence the policy of a government by intimidation or coercion (the governments of Israel and the U.S.), and to affect the conduct of a government by mass destruction, assassination, and kidnapping (the governments of Israel and the U.S.).

51. The actions of defendant Abu Marzook therefore constituted "acts of international terrorism" as defined in 18 U.S.C. §§ 2331 and 2333.

52. As a direct and proximate result of Abu Marzook's acts of international terrorism Yitzchak Weinstock was murdered, and the plaintiffs suffered the harm described herein.

53. The murder of Yitzchak Weinstock caused the decedent, his estate, plaintiffs Sharon Weinstock, Moshe Weinstock, Geula Weinstock, Aryeh Weinstock, and Chaim Weinstock, and decedents Dov Weinstock, Rabbi Simon Dolgin and Shirley Dolgin, severe injury, including: pain and suffering; pecuniary loss and loss of income; loss of guidance, companionship and society; loss of consortium; severe emotional distress and mental anguish; and loss of solatium.

54. Abu Marzook is therefore liable for the full amount of plaintiffs' damages in such sums as may hereinafter be determined, trebled pursuant to 18 U.S.C. § 2333.

**WHEREFORE**, plaintiffs demand judgment as follows:

    a. Judgment against defendant Abu Marzook for compensatory damages in an amount to be determined at trial, which are not less than $180,000,000 (one hundred eighty million dollars);

    b. Treble damages pursuant to 18 U.S.C. § 2333;

    c. Plaintiffs' costs and expenses;

    d. Plaintiffs' attorneys' fees;

    e. Such further relief as the Court finds just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

August 24, 2017

         Plaintiffs, by their attorneys,

      By:  _/s/ Asher Perlin_____
          Asher Perlin, Esq.
          Florida Bar No. 0979112
          4600 Sheridan Street, Suite 303
          Hollywood, Florida 33021
          Tel. 954-284-0900 ext. 102
          Fax. 954-284-0747
          Email: asherperlin@gmail.com