UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                     Plaintiffs,

vs.                                       Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                     Defendant.

_____/

## PLAINTIFFS' RESPONSE TO NOTICE OF UPCOMING DEADLINE TO SERVE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(M)

### Introduction

Plaintiffs respectfully file this Response to the Notice of Upcoming Deadline to Serve Under Federal Rule of Civil Procedure 4(m), entered by the Court on October 30, 2017 (DE 8). As detailed below, this case should not be dismissed for failure to serve the defendant within 90 days because: (i) Rule 4(m) is inapplicable to this proceeding, as the defendant is located and can be served only outside of the United States; (ii) there is good cause for plaintiffs' inability to serve the defendant to date, including the fact that the defendant is a federal fugitive located abroad who has no set place of residence; and (iii) by November 30, 2017, plaintiffs will move pursuant to Rule 4(f)(3) for leave to effect service on the defendant by alternate means.

### RELEVANT BACKGROUND AND ARGUMENT

This is a civil action under the Antiterrorism Act, 18 U.S.C. § 2333, arising from the murder of U.S. citizen Yitzchak Weinstock by the terrorist group Hamas – Islamic Resistance Movement ("Hamas"). The plaintiffs herein are Yitzchak's estate and family members. The defendant, Mousa Mohammed Abu Marzook, is a co-founder and senior leader of Hamas who,

1

while living in the U.S., carried out numerous actions which facilitated and caused the terrorist attack in which Yitzchak Weinstock was murdered. DE 1 at ¶¶ 17-35, 44.

Abu Marzook was deported from the United States in May 1997. He was later indicted by a federal grand jury in Illinois for the Hamas activities from which plaintiffs' claims against him arise, and is considered by the Justice Department to be "a fugitive from justice." *Id*. at ¶¶ 31-33. Therefore, because Abu Marzook is located without the United States, and can only be served abroad, the 90-day limit provided by Rule 4(m) is inapplicable here. *See id*. ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)").

Naturally, irrespective of Rule 4(m), plaintiffs are desirous of serving Abu Marzook as quickly as possible, and moving their case against him forward. To that end, shortly after filing this action, plaintiffs retained as a consultant a retired senior Israeli military and intelligence officer with extensive professional expertise and experience relating to Hamas and its leadership. Plaintiffs asked their expert to locate a residence or other place (e.g. a workplace) at which Abu Marzook could potentially be served in one of the ways permitted under Rule 4(f)(1)-(2).

After researching the issue, plaintiffs' expert informed them that Abu Marzook travels almost continually between several Middle Eastern countries (Syria, Lebanon, Qatar, Egypt and Iran) and appears to have no fixed place of residence or work at which he could be served.

In light of this response, plaintiffs then tasked their expert to devise a plan for serving process in this case on Abu Marzook through some alternate means that would both be fully practicable and ensure that Abu Marzook actually receives proper notice of this suit.

Plaintiffs' expert has formulated a detailed and well-founded plan for effecting service on Abu Marzook by alternate means, and plaintiffs' counsel are in the process of drafting a motion under Rule 4(f)(3) for leave to perform service pursuant to that plan. Indeed, that motion would

have been filed by now, but for the unfortunate fact that the attorney who has been working directly with plaintiffs' expert, and who is therefore drafting the Rule 4(f)(3) motion, suffered the death of his mother on November 14, 2017, and could not return to work for a full week.

Plaintiffs' counsel now anticipate filing their Rule 4(f)(3) motion for leave to serve the defendant by alternate means on or before November 30, 2017.

Accordingly, plaintiffs respectfully request that the Court permit them to file their Rule 4(f)(3) motion on or before November 30, 2017 as planned, and defer resolving any outstanding matters relating to service of process until after, and in light of, its disposition of plaintiffs' forthcoming motion.

November 22, 2017

                              By:    /s/ Asher Perlin
                                       Asher Perlin, Esq.
                                       Florida Bar No. 0979112
                                       4600 Sheridan Street, Suite 303
                                       Hollywood, Florida 33021
                                       Tel. 954-284-0900 ext. 102
                                       Fax. 954-284-0747
                                       Email: asherperlin@gmail.com
                                       *Counsel for Plaintiffs*