UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                              Plaintiffs,

    vs.                                              Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                              Defendant.
_____/

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION PURSUANT TO
RULE 4(f)(3) FOR LEAVE TO EFFECT SERVICE BY ALTERNATE MEANS**

**Preliminary Statement**

As set forth below, and in the attached expert Declaration of Arieh Dan Spitzen ("Spitzen Decl."), personal service of the summons and complaint in this matter on defendant Mousa Mohammed Abu Marzook ("Abu Marzook"), a fugitive who resides outside the United States, is not currently feasible. Accordingly, plaintiffs respectfully seek leave, pursuant to Fed.R.Civ.P 4(f)(3), to effect service on defendant Abu Marzook by alternate means, as detailed below.

**RELEVANT BACKGROUND**

This is a civil action for damages under the Antiterrorism Act, 18 U.S.C. § 2333, arising from the murder of U.S. citizen Yitzchak Weinstock by the terrorist group Hamas – Islamic Resistance Movement ("Hamas"). The plaintiffs are Yitzchak's estate, mother and siblings, and the estates of his late father and grandparents. The defendant, Mousa Abu Marzook, is a senior leader of Hamas who, while living in the U.S., carried out actions which enabled, facilitated and caused the terrorist attack in which Yitzchak was murdered. DE 1 at ¶¶ 17-35, 44.

1

Abu Marzook was deported from the United States in May 1997. He was later indicted by a federal grand jury in Illinois for the Hamas activities from which plaintiffs' claims against him arise, and was declared by the U.S. Department of Justice to be "a fugitive from justice." *Id*. at ¶¶ 31-33. *See also* Second Superseding Indictment in *U.S. v. Abu Marzook, et al.*, 03-cr-978 (N.D. Ill.), Spitzen Decl. at Ex. B.

After filing this action, the plaintiffs retained as a consultant Mr. Arieh Dan Spitzen, a former senior Israeli military and intelligence officer who has broad expertise and experience relating to Hamas and its leadership, and has repeatedly been qualified as an expert on Hamas in U.S. federal courts. *See* Spitzen Decl. at ¶¶ 1-15, and at Ex. A. Plaintiffs asked Mr. Spitzen to locate a residence, workplace, or other locale at which Abu Marzook could feasibly be served with process in one of the ways provided by Rule 4(f)(1)-(2). Spitzen Decl. at ¶ 16.

Unfortunately, after researching this question, Mr. Spitzen informed plaintiffs' counsel that Abu Marzook travels almost non-stop between various Middle Eastern countries, and appears to have no set place of residence or work at which he could be served. *Id*. at ¶¶ 17-23.

Plaintiffs therefore then asked Mr. Spitzen to devise a plan for serving process on Abu Marzook through some alternate means, that are both practicable and very likely to ensure that Abu Marzook actually receives notice of this suit and copies of the summons and complaint. In response to this request, Mr. Spitzen has formulated a well-founded, and extremely thorough, proposal for effecting service on Abu Marzook by alternate means. *Id*. at ¶¶ 24-39.

Under Mr. Spitzen's proposal, which plaintiffs respectfully request the Court to approve and authorize under Rule 4(f)(3), plaintiffs would effectuate alternative service on defendant Abu Marzook through two separate channels:

> > i. By delivering the summons and complaint to Mohammed Sawalha, a close associate and collaborator of Abu Marzook who lives in London; and
> >
> > ii. By sending the summons and complaint by email to Hamas itself, and to four senior Hamas officials.

Spitzen Decl. at ¶¶ 24-39.

As Mr. Spitzen explains, delivery of the summons and complaint in this manner, to these addressees, accompanied by a brief letter or note from counsel in both English and Arabic stating that the papers are important court documents directed at Abu Marzook, requesting that the papers be forwarded Abu Marzook immediately, and explaining that failure to forward the documents to Abu Marzook could have legal ramifications for him, would almost certainly result in the delivery of the summons and complaint to Abu Marzook. *Id* at ¶ 31; 39-39.

Accordingly, effecting service in this manner clearly satisfies the requirements of Rule 4(f)(3), as discussed below.

## ARGUMENT

Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that an individual defendant may be served outside the United States by "means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f)(3).

Importantly, "service through Rule 4(f)(3) is not considered a last resort or extraordinary relief." *Codigo Music, LLC v. Televisa, S.A. de C.V.*, No. 15-CIV-21737, 2017 U.S. Dist. LEXIS 160747, at *19-20 (S.D. Fla. Sep. 29, 2017). Indeed, Rule 4 "does not require a party to attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2) … before petitioning the court for alternative relief under subsection 4(f)(3)." *Mao-Mso Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, No. 1:17-cv-21996-UU, 2017 U.S. Dist. LEXIS

174939, at *2-3 (S.D. Fla. Oct. 10, 2017). *Cf. TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 691-692 (S.D. Fla. 2012) (Scola, D.J.) ("Despite coming last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive 'or,' are meant to be read as a hierarchy.")

In any event, as discussed above and detailed in the Spitzen Declaration, defendant Abu Marzook has no apparent fixed abode or place of work at which he could be served, and plaintiffs are therefore constrained to seek relief under Rule 4(f)(3).

Rule 4(f)(3) requires that alternative service be effective by "means not prohibited by international agreement." That requirement is no obstacle here. Plaintiffs seek to deliver the summons and complaint to Abu Marzook's long-time colleague in London, England, Mohammed Sawalha. The United Kingdom is a party to the Hague Convention, but it has not objected to service by international mail under Article 10(a) of the Convention. *GhostBed, Inc. v. Casper Sleep, Inc.*, 315 F.R.D. 689, 694 (S.D. Fla. 2016) ("Article 10(a) of the Hague Convention allows service by international mail absent an objection by the signatory country— and the United Kingdom has not objected to Article 10(a)."). International mail for this purpose includes services such as Federal Express. *Tracfone*, 278 F.R.D. at 690-691. *See also Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-cv-564, 2013 U.S. Dist. LEXIS 200012, at *11 (S.D. Ohio Aug. 21, 2013) (same) (collecting cases).

Moreover, personal service by a registered process server in the United Kingdom is also not barred under the Hague Convention. *Hoffman v. Bailey*, 996 F. Supp. 2d 477, 482 (E.D. La. 2014) (finding that service by a "registered United Kingdom process server" is "permitted under the Hague Convention."); *Sparrow Cap., LLC v. Katcharian*, No. 11-cv-34-WOB, 2013 U.S. Dist. LEXIS 200093, at *24 (E.D. Ky. Sep. 13, 2013) (same).

4

Thus, plaintiffs can deliver the papers to Sawalha in London either by Federal Express or like services (e.g. DHL and UPS), that provide a signed proof of delivery, or by a local registered UK process server, without running afoul of the Hague Convention.

Plaintiffs also seek, per their expert's suggestion, to send the summons and complaint by email to Hamas and to four senior Hamas officials. This method of service does not implicate the Hague Convention at all, since "courts have agreed that service by email is not prohibited by the Hague Convention." *Lexmark*, 2013 U.S. Dist. LEXIS 200012 at *12 (citing cases).

Moreover, the email addresses identified by Mr. Spitzen (for Hamas and the Hamas officials) are at the [hamas.ps](hamas.ps) domain. As he notes, that domain is registered to Hamas in the domain registrar for the Palestinian Authority. Spitzen Decl. at n. 2. A screenshot of the registration page for that domain made by counsel, attached hereto as Exhibit A, shows that the domain is registered to Hamas in the Gaza Strip. *Id*. at pp 2-3. The Gaza Strip, which is currently governed by Hamas, is not a sovereign state, much less a party to the Hague Convention. Accordingly, email service to the five email addresses identified by Mr. Spitzen, all of which are at an internet domain in the Gaza Strip, is not barred by the Hague Convention.[1]

Finally, alternative means of service under Rule 4(f)(3) must satisfy the requirements of due process. In this context, "due process requires that notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Tracfone*, 278 F.R.D. at 692 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

---

[1] Moreover, courts have held that the Hague Convention does not apply where, as here, a defendant's address is unknown. *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 U.S. Dist. LEXIS 50745, at *2 (S.D. Fla. Apr. 29, 2010).

Plaintiffs' proposal easily meets this standard: as their expert explains, it is highly likely that *each* of the six addressees (Sawalha, the four Hamas officials with known email addresses, and Hamas' media inquiry email) will forward the service papers to Abu Marzook. When that high likelihood is multiplied by six, it approaches certainty. Plaintiffs' proposal is thus considerably more than merely "reasonably calculated, under all the circumstances, to apprise" Abu Marzook of this action.

Furthermore, the English and Arabic language cover note that Mr. Spitzen suggests be included, explaining the nature of the documents, requesting that they be forwarded to Abu Marzook, and warning of the legal ramifications for Abu Marzook, will further enhance the already high likelihood that Abu Marzook will in fact receive the summons and complaint.

It is true that—in the event that Abu Marzook never appears to defend this case and plaintiffs receive no confirmation that the complaint and summons, or notice thereof, were conveyed to Abu Marzook—there will be no way of knowing with certainty that he received the papers or notice of this action. But that does not mean that the alternative service proposed does not comply with due process: such uncertainty about whether the defendant actually received notice can and often does obtain when service is effected by publication. Needless to say, service by publication is a hoary means of alternative service that has long been permitted and recognized as constitutionally sound. "Service by publication in a foreign country has been recognized as an acceptable method in certain situations. However, to satisfy the requirements of due process the method of publication must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tower v. Adoption Partners*, No. 3:08-cv-1063-J-

25HTS, 2009 U.S. Dist. LEXIS 134483, at *2 (M.D. Fla. Nov. 20, 2009) (citations, brackets, and quotation marks omitted).

The proposal for alternative service proposed by plaintiffs' expert reflects a reasonable, thorough, belt-and-suspenders approach, that easily satisfies Rule 4(f)(3) and due process requirements, and plaintiffs therefore respectfully request that the Court authorize service of defendant Abu Marzook in the manner proposed.[2]

**WHEREFORE**, the instant motion should be granted.

December 5, 2017

                                              Plaintiffs, by their attorneys,

                                    By:   /s/ Asher Perlin_____
Asher Perlin, Esq.
Florida Bar No. 0979112
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Tel. 954-284-0900 ext. 102
Fax. 954-284-0747
Email: asherperlin@gmail.com
*Counsel for Plaintiffs*

---

[2] Plaintiffs do not assert that their proposal is *sole* means of alternative service on Abu Marzook, such that if the Court does not grant the instant motion, there will be no choice but to dismiss the case. On the contrary: if for some reason the Court does not grant the instant motion, plaintiffs should be given the opportunity to effect and/or propose a different method of service (e.g. by publication) that remedies any defects or concerns the Court finds in the proposal set forth herein.