United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sharon Weinstock, individually, as the legal guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Rabbi Simon Dolgin, and Shirley Dolgin, and others, Plaintiffs,<br><br>v.<br><br>Mousa Mohammed Abu Marzook, Defendant. | Civil Action No. 17-23202-Civ-Scola |

**Order Granting Motion for Leave to Effect Service by Alternate Means**

This matter is before the Court on the Plaintiffs' Motion Pursuant to Rule 4(f)(3) for Leave to Effect Service by Alternate Means (ECF No. 12). Having carefully reviewed the Plaintiffs' motion and the record, the Plaintiffs have shown good cause why leave should be granted allowing alternate service of the Summons and Complaint on the Defendant. The Court will authorize the Plaintiffs to effectuate service in the manner proposed by the Plaintiffs' expert, Arieh Dan Spitzen. However, in light of the magnitude of this case and the Plaintiffs' acknowledgment that "there will be no way of knowing with certainty that [the Defendant] received the papers or notice of this action," the Court also orders the Plaintiffs to effectuate service by publication. As the Plaintiffs note, "[s]ervice by publication in a foreign country has been recognized as an acceptable method in certain situations." *Tower v. Adoption Partners, Inc.*, No. 3:08-cv-1063-J-25HTS, 2009 WL 10670568, at *1 (M.D. Fla. Nov. 20, 2009) (citations omitted). The notice should be published in both Arabic and English general-subject newspapers with wide circulation in a geographic area in which it is likely that the Defendant will see it. *See BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 272-73 (E.D. Va. 2006) (directing the plaintiff to publish notice in two general-subject newspapers, one English and one Urdu, with wide circulation in Pakistan, which was the defendant's last-known whereabouts).

Accordingly, the Court **grants** the Plaintiffs' motion (**ECF No. 12**) and further **orders** as follows, consistent with Federal Rule of Civil Procedure 4(f)(3):

(1) The Plaintiffs shall deliver a copy of the Summons and Complaint to Mohammed Sawalha, a close associate and collaborator of the Defendant who resides in London.

(2) The Plaintiffs shall deliver a copy of the Summons and Complaint by email to Hamas and four senior Hamas officials at the addresses identified in the Declaration of Arieh Dan Spitzen (ECF No. 12-3).
(3) The Plaintiffs shall publish notice of this suit in both Arabic and English general-subject newspapers with wide circulation in a geographic area in which it is likely that the Defendant will see it.
(4) The Plaintiffs shall notify the Court by **December 18, 2017** that service of process has been initiated.
(5) The Plaintiffs shall file proof of service in accordance with Federal Rule of Civil Procedure 4(l)(2)(B) on or before **January 22, 2018**. With respect to service by publication, the proof of service must indicate the dates of publication and include a copy or reproduction of the actual publication.

**Done and ordered** in chambers, at Miami, Florida, on December 7, 2017.

_____
Robert N. Scola, Jr.
United States District Judge