UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                Plaintiffs,
vs.                                            Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                Defendant.
_____/

**PLAINTIFFS' MOTION FOR A 30-DAY EXTENSION OF TIME TO FILE PROOF OF SERVICE AND FOR MODIFICATION OF INSTRUCTIONS FOR ALTERNATIVE SERVICE OF PROCESS**

Plaintiffs respectfully move for an additional 30-day extension of time to comply with the Court's December 7, 2017 Order Granting Motion for Leave to Effect Service by Alternative Means (ECF No. 13) (the "Order"), and state as follows:

1. On December 5, 2017, Plaintiffs filed their Motion Pursuant to Rule 4(f)(3) Fed. R. Civ. P. for Leave to Effect Service by Alternate Means. ECF No. 12.

2. On December 7, 2017, the Court granted that Motion with certain modifications, and directed the Plaintiffs to serve the Summons and Complaint upon Defendant Mousa Mohammed Abu Marzook by three alternative methods. ECF No. 13.

3. First, the Order directed the Plaintiffs to deliver a copy of the Summons and Complaint to Mohammed Sawalha, a close associate and collaborator of the Defendant, who resides in London.

4. This service has been accomplished and proof of service upon Mr. Sawalha is being filed today.

1

5. The second method through which the Court directed the Plaintiffs to serve the Defendant required the Plaintiffs to send the Summons and Complaint by email to Hamas and to four senior Hamas officials at the email addresses provided on Hamas' website and identified in the Declaration of Arieh Dan Spitzen. ECF No. 12-3.

6. As previously stated in Plaintiffs' Notice of Initiation of Service (ECF No. 16), the undersigned personally sent emails conveying the summons and complaint, accompanied by English and Arabic language cover notes, to Hamas and the four senior Hamas officials, at the addresses as directed in the Court's Order. Copies of those emails, and a declaration of accuracy from the translator were previously filed as an Exhibit to the Notice of Initiation of Service. ECF 16-1. There were no "bounce-backs." See Declaration of Asher Perlin.

7. Third, and finally, the Court directed the Plaintiffs to publish notice of this suit in both Arabic and English language general-subject newspapers with wide circulation in a geographic area in which it is likely that the Defendant will see it.

8. An English-language notice of this suit was published on Monday January 22, 2018 in all print editions of the Financial Times. These include editions distributed in several Middle Eastern and African countries, including Egypt, Qatar, Bahrain, Lebanon, Morocco, Oman, and the United Arab Emirates.

9. As previously reported in the Plaintiffs' first motion for an extension of time to effect alternative service (ECF 17), Plaintiffs' counsel has attempted to publish the Notice of Suit in an Arabic-language newspaper as well. Counsel had the English-language notice of suit translated into Arabic, and then contacted the two Arabic-language print newspapers with the widest distribution across the Middle East to request that they publish an Arabic-language notice of suit.

10. The first newspaper, ASharq AlAwsat ("Asharq"), initially responded with interest to counsel's request that they publish a legal notice. After numerous exchanges spanning more than two weeks, during which we clarified and finalized the size and price of the notice, counsel sent Asharq's representative the text of the notice.

11. Unfortunately, following receipt of the text of the notice (prior to which the Asharq representative did not know the identity of the defendant or the nature of the suit) the Asharq representative informed the undersigned on January 9, 2018 that: "I regret to inform you that we don't publish this type of adverts in Asharq AlAwsat."[1]

12. Counsel also contacted the Arabic-language newspaper, Al Hayat, which has a wide print distribution across the Middle East. As with Asharq, the Al Hayat representative demonstrated great interest in publishing the legal notice. However, after numerous exchanges in which we agreed to the size of the Notice and the price for publishing, I sent the text of the Notice to the representative. Shortly thereafter, I received a voice message in which the Al Hayat representative stated that "Al Hayat has declined the publication of your proposed ad. And, of course they reserve the right to decline any ad." The representative provided no further explanation for Al Hayat's refusal to publish the Notice of Suit.

13. It appears to plaintiffs' counsel that both Asharq and Al Hayat refused to publish the Notice because of the nature of the case and/or the identity of the defendant.

14. Based on the experience with Asharq and Al Hayat, counsel for plaintiffs believe that it will be futile or exceedingly difficult to identify an Arabic language newspaper, whether

---

[1] The undersigned requested that the ASharq representative explain why the advertisement was rejected, and to provide Asharq's guidelines for such notices, but has received no response.

print or on-line, with widespread distribution in the Middle East that will agree to publish the Notice of Suit in this action.

15. Accordingly, the plaintiffs request that the court modify the December 7, 2017 Order Granting Motion for Leave to Effect Service by Alternative Means, in one of the following ways:

    a) The court could authorize the plaintiffs to post the Arabic-language Notice of Suit as an advertisement on Facebook, specifically targeting the geographical areas where defendant is likely to be found and the interest groups to which the defendant is likely to belong. Using Facebook's "Create Ads" feature, as an experiment, counsel created a mock advertisement with a target audience of Facebook users defined to include Arabic-speaking men aged 30 and older who are located in any of the following locations which news reports indicate are frequented by Abu Marzook: Cairo, Egypt (+25 mi), Amman, Jordan (+25 mi), Beirut, Lebanon (+25 mi), Gaza City (+25 mi), and the entire country of Qatar. Facebook estimated that running an advertisement for four days, targeted as above, would have a *potential* reach of 2,300,000 people, with a Facebook-estimated daily reach of between 140,000 to 530,000 people.

    b) Alternatively, the court could hold that the multiple methods of alternative service already successfully performed satisfy the requirements of alternative service and that the defendant may be deemed served.

16. Other courts in this district have approved of service by publication via the internet. See e.g., *Abercrombie & Fitch Trading Co. v. 7starzone.com*, 2014 U.S. Dist. LEXIS 188948 (S.D. Fla. 2014); *Tiffany NJ, LLC v. Attiffany2013.net*, 2014 U.S. Dist. LEXIS

189043 (S.D. Fla. 2014); *In re Takata Airbag Prods. Liab. Litig*., No. 15-02599-MD, 2017 U.S. Dist. LEXIS 71816, at *67-69 (S.D. Fla. 2017), adopted at 2017 U.S. Dist. LEXIS 64910 (S.D. Fla. 2017).

WHEREFORE, Plaintiffs have made diligent and significant efforts to identify an appropriate Arabic-language newspaper that would agree to publish the notice of suit. However, those efforts did not succeed. Accordingly, the Plaintiffs request that the court enter an order (a) authorizing them to serve the Arabic language Notice of Suit through alternative means such as through a Facebook advertisement and (b) extending by thirty days their time to file proof of service of process in accordance with the court's December 7, 2017 Order, or in the alternative, enter an order finding that the numerous methods by which the plaintiffs have already served the defendant suffice and that the defendant may be deemed served..

                        Respectfully submitted,

February 21, 2018

By:   /s/ Asher Perlin
Asher Perlin, Esq.
Florida Bar No. 0979112
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Tel. 954-284-0900 ext. 102
Fax. 954-284-0747
Email: asherperlin@gmail.com
*Counsel for Plaintiffs*