UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                        Plaintiffs,
    vs.                                           Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                        Defendant.
_____/

**PLAINTIFFS' MOTION FOR A 21-DAY EXTENSION OF TIME TO FILE PROOF OF SERVICE AND FOR RELATED RELIEF**

Plaintiffs respectfully move for an additional 21-day extension of time to comply with the Court's December 7, 2017 Order Granting Motion for Leave to Effect Service by Alternative Means (ECF No. 13) (the "December 7 Order"), and state as follows:

1.    On December 5, 2017, Plaintiffs filed their Motion Pursuant to Rule 4(f)(3) Fed. R. Civ. P. for Leave to Effect Service by Alternate Means. ECF No. 12.

2.    On December 7, 2017, the Court granted that Motion with certain modifications, and directed the Plaintiffs to serve the Summons and Complaint upon Defendant Mousa Mohammed Abu Marzook by several alternative methods. ECF No. 13.

3.    As stated in Plaintiffs' February 21, 2018 Motion for Extension of Time (ECF No. 21), Plaintiffs have successfully effected service by all prescribed methods except for the publication of an Arabic-language Notice of Suit in the geographic areas in which it is likely to be seen by the Defendant. See the December 7 Order (ECF No. 13); Order Granting Motion for Extension of Time and for Modification of Instructions for Alternative Service of Process (the "February 27 Order") (ECF No. 25).

1

4. In its February 27, 2018 Order, the Court authorized the Plaintiffs to post the Arabic language Notice of Suit (the "Notice") as an advertisement on Facebook, specifically targeting the geographical areas where the Defendant is likely to be found and the interest groups to which the Defendant is likely to belong. See ECF No. 25.

5. Plaintiffs attempted to post the Notice of Suit as such an advertisement. However, as Plaintiffs proceeded we discovered that Facebook's advertising policy generally prohibits text-based advertisements over a certain length.

6. We were unaware of this restriction when we filed the Plaintiffs' February 21, 2018 Motion for Extension of Time and for Modification of Instructions for Alternative Service of Process in which Plaintiffs requested leave to post the Notice of Suit as a Facebook advertisement.

7. Facebook sometimes permits exceptions to the length rule, and Plaintiffs requested from Facebook an exception to allow the Notice of Action to be posted.

8. Facebook appears to have approved the exception; however, it also deactivated the advertising account that we created. Plaintiffs requested that Facebook reactivate the account. That request is still unresolved.

9. Undersigned counsel have retained outside digital marketing experts to assist in the placement of the advertisement. These experts have thus far been unable to have our account reactivated and are awaiting Facebook's response.

10. The marketing firm recommended an alternative that should simplify and expedite this process: they suggested that we create a separate webpage (outside of Facebook) containing the Notice of Action and use the Google banner advertisements to draw viewers to that webpage. The digital marketing experts also said that Plaintiffs can wait for Facebook to respond to our

request to reactivate the advertising account and try again using Facebook advertisements linked to a Facebook page containing the Notice.

11. Plaintiffs are proceeding with both of these suggestions in the anticipation that at least one will be completed quickly.

12. Based upon Plaintiffs' experience attempting to post the Notice as an advertisement on Facebook, and based upon the considered advice of professional digital internet marketers whom Plaintiffs have retained, Plaintiffs request that the Court further modify the December 7, 2017 and February 27, 2018 Orders to authorize Plaintiffs to effect service upon Defendant in one of the methods recommended by the digital marketing firm and to target the relevant geographic on-line market through one or more of various internet-based banner ads designed to draw a large number of viewers to the Arabic language Notice of Suit which will be posted on either a Facebook page, a separate website.

13. Other courts in this district have approved of constructive service by publication via the internet. *See e.g., Abercrombie & Fitch Trading Co. v. 7starzone.com*, 2014 U.S. Dist. LEXIS 188948 (S.D. Fla. 2014); *Tiffany NJ, LLC v. Attiffany2013.net*, 2014 U.S. Dist. LEXIS 189043 (S.D. Fla. 2014); *In re Takata Airbag Prods. Liab. Litig.*, No. 15-02599-MD, 2017 U.S. Dist. LEXIS 71816, at *67-69 (S.D. Fla. 2017), adopted at 2017 U.S. Dist. LEXIS 64910 (S.D. Fla. 2017).

**WHEREFORE**, For the reasons stated above, the Plaintiffs respectfully request that the Court enter an Order extending by 21 days their time to file proof of service of process in accordance with the Court's December 7, 2017 and February 27, 2018 Orders as modified in accordance with the request above.

Respectfully submitted,

March 23, 2018

By:   /s/ Asher Perlin
Asher Perlin, Esq.
Florida Bar No. 0979112
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Tel. 954-284-0900 ext. 102
Fax. 954-284-0747
Email: asherperlin@gmail.com
*Counsel for Plaintiffs*