United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sharon Weinstock, individually, as the legal guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Rabbi Simon Dolgin, and Shirley Dolgin, and others, Plaintiffs, <br><br> v. <br><br> Mousa Mohammed Abu Marzook, Defendant. | Civil Action No. 17-23202-Civ-Scola |

### Order Granting Plaintiffs' Motion to Acknowledge Service of Process

This matter is before the Court upon the Plaintiff's motion (ECF No. 31) for acknowledgment of completion of service of process and related relief. The Court finds that the Plaintiffs have substantially complied with the Court's orders (ECF Nos. 13, 25, 27) to serve the Defendant by specific means.

The Court previously granted the Plaintiffs' motion for leave to effect service by alternative means (ECF No. 12) and ordered the Plaintiffs to effectuate service in three different ways: (1) by delivering a copy of the summons and complaint to Mohammed Sawalha, a close associate and collaborator of the Defendant who resides in London; (2) by delivering a copy of the summons and complaint by email to Hamas and four senior Hamas officials at the addresses identified in the Declaration of Arieh Dan Spitzen (ECF No. 12-3); and (3) by publishing a notice of the suit in both Arabic and English general-subject newspapers with wide circulation in a geographic area in which it is likely that the Defendant will see it. (Order, ECF No. 13.) The Plaintiffs thereafter notified the Court (ECF No. 16) that the Plaintiffs' counsel had sent emails conveying the summons and complaint to Hamas and four senior Hamas officials as required and provided proof of that the emails were sent to the relevant parties. (Comp. Exh., ECF No. 16-1.) After the Court granted an extension of time (ECF No. 18), on the Court's second deadline for submitting proof of service, the Plaintiffs filed two affidavits that demonstrated that a copy of the summons and complaint had been delivered to Mohammed Sawalha. (*See* Loble Aff., ECF No. 23; Sweet Decl., ECF No. 24) and filed proof that the English-language notice of suit had been published in various editions of the Financial Times on January 22, 2018. (Proof of Pub., ECF No. 22.)

That same day, the Plaintiffs submitted a second motion for extension of time and for a modification to the service instructions (ECF No. 21) because the Plaintiffs were encountering difficulties having the notice of suit published in Arabic-language newspapers. The Court granted the motion. (Order, ECF No. 25.) The Court allowed the Plaintiffs to effectuate service by publishing the Arabic-language notice of suit as an advertisement on Facebook, specifically targeting the geographical areas where the Defendant was likely to be found and the interest groups to which the Defendant was likely to belong.

Due to obstacles completing service this way, the Plaintiffs submitted another motion (ECF No. 26) for extension of time and asked the Court for permission to effectuate service by means suggested by its digital marketing experts. The Court granted the relief requested (ECF No. 27) and required the Plaintiffs to: (1) continue to attempt to publish the Arabic-language notice of suit as an advertisement on Facebook; (2) publish the Arabic-language notice of suit on a separate webpage that the Plaintiffs were to create and use Google advertisements to draw the relevant audience to the separate webpage containing the notice of suit; and (3) publish the Arabic-language notice of suit on a Facebook page that the Plaintiffs were to create and use Facebook advertisements to draw the relevant audience to the page containing the Notice of Suit. The Court required the Plaintiffs to file their proof of service by April 24, 2018. On April 25, 2018, the Plaintiffs filed three declarations that demonstrate that the Plaintiffs substantially complied with the Court's orders to use Facebook and Google to effectuate service. (*See* Kemmetson Decl., ECF No. 28; Perlin Decl., ECF No. 29; Roberts Decl., ECF No. 30.)

The Plaintiffs now ask the Court for an order acknowledging they have completed service as required by the Court as of April 13, 2018. The Plaintiffs also ask that this Court extend the deadline to file proof of service of process by one day, *nunc pro tunc*, to April 25, 2018, because they were unable to file proof of service due to computer-related difficulties stemming from the Plaintifs' counsel's travel schedule.

Upon review of the record, the Court **grants** the Plaintiffs' motion (**ECF No. 31**) and acknowledges that service was completed as of April 13, 2018. The Court also, *nunc pro tunc*, extends the deadline for filing proof of service to April 25, 2018, and therefore finds that the Plaintiffs' complied with the Court's latest order.

**Done and ordered** in chambers, at Miami, Florida, on June 8, 2018.

_____
Robert N. Scola, Jr.
United States District Judge