UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                      Plaintiffs,
  vs.                                                       Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                      Defendant.
_____/

**MOTION FOR EXTENSION OF TIME TO MOVE FOR DEFAULT JUDGMENT
AND FOR CLARIFICATION OF THE ORDER OF JUNE 25, 2018**

    Plaintiffs respectfully move this Court, pursuant to Local Rule 7.1(a)(1)(J), to extend until August 15, 2018, Plaintiffs' time to move for default judgment, and to clarify that part of the Court's June 25, 2018 Order on Default Judgment Procedure that requires Plaintiffs to "send" their motion for default judgment to the Defendant. In support of this Motion, the Plaintiffs state as follows:

    1. Defendant, Mousa Mohammed Abu Marzook, was served with process in this action as of April 13, 2018. See DE 32 at 2 (finding that "service was completed as of April 13, 2018").

    2. The Defendant has "failed to plead or otherwise defend" this action, Fed.R.Civ.P. 55(a), and after his time to do so expired, the Clerk of the Court entered default against the Defendant on June 12, 2018.

    3. On June 25, 2018 the Court ordered the Plaintiffs "to move for Default Judgment by July 9, 2018, consistent with Federal Rule of Civil Procedure 55(b)." DE 35.

    4. The Plaintiffs require additional time to prepare and file their motion for Default Judgment. The Plaintiffs are the family members and estate of the decedent, and (except for lost

future income recoverable by the decedent's estate) Plaintiffs' damages are all intangible damages arising from the impact on them of the decedent's murder. To prove Plaintiffs' damages, their counsel are still in the process of gathering the necessary evidence and documentation, including declarations from the Plaintiffs themselves and from other relevant witnesses, expert affidavit testimony, and the like. This process is complicated by the fact that plaintiff Geula Weinstock, the decedent's sister, suffers from congenital mental impairment, and is likely unable to provide direct testimony regarding the impact on her of her brother's murder.

5. Accordingly, Plaintiffs respectfully request that their time to move for default judgment be enlarged until August 15, 2018.

6. Plaintiffs also respectfully request that the Court clarify the provision in the Order on Default Judgment Procedure that requires them to "**send** a copy of the Motion [for Default Judgment] to counsel for the Defendant or to the Defendant directly if they do not have counsel" (emphasis added).

7. The Defendant is a federal fugitive who faces criminal charges for his role in terrorist activities and has no known address. Accordingly, after obtaining leave of Court and at significant expense and effort, the Plaintiffs served the Defendant through various alternative means: *First*, the Plaintiffs delivered a copy of the Summons and Complaint to Defendant's close associate, Mohammed Sawalha, in London, with the assistance of a London attorney and process server. *Second*, the Plaintiffs delivered the Summons and Complaint by email to Hamas and four identified senior Hamas officials at email addresses identified by an expert retained by the Plaintiffs for purposes of effecting service. *Third*, the Plaintiffs were required by the Court to publish notice of this suit in both Arabic and English-language newspapers with wide circulation

in the geographic area in which the Defendant is likely to be found. Plaintiffs published notice of this suit in the International Editions of the Financial Times, but were unable to find an Arabic newspaper that would agree to publish the notice of suit. Accordingly the Court authorized the Plaintiffs to publish the Arabic language notice of suit by posting it and advertising the post through Facebook, Google Ads and a private website created for the sole purpose of publishing notice of the suit.

8. Rule 55(b)(2) does not require delivery or even notice to a defaulting defendant of a motion for default judgment unless the defendant "has appeared personally or by a representative." That has not occurred here. Thus, the Court's Order directing Plaintiffs to send their motion to the defendant goes beyond the requirements of the Federal Rules. At the same time, it would be expensive and time-consuming for Plaintiffs to send their motion to the Defendant using the entire battery of means used by them to serve the Defendant with the complaint and summons in this action. Moreover, the Court's order uses the term "send" rather than the term "serve" — indicating that the method for compliance with the Order need not be identical with the method of service. Therefore, Plaintiffs respectfully request that the Court allow them to "send" the Motion to the Defendant by delivering it by email to the five email addresses previously identified and used for service of the Summons and Complaint. Undersigned counsel personally sent the emails to those addresses and none of the emails "bounced back."

**WHEREFORE**, for the reasons stated above, Plaintiffs respectfully request an extension of time until August 15, 2018 to file their Motion for Default Judgment. Plaintiffs also respectfully request that the Court permit them to "send" the Motion for Default Judgment to the

Defendant by emailing copies of the Motion to the five email addresses previously used to serve the Summons and Complaint.

Respectfully submitted July 5, 2018

                                              Plaintiffs, by their attorney,

By:   /s/ Asher Perlin
        Asher Perlin, Esq.
        Florida Bar No. 0979112
        4600 Sheridan Street, Suite 303
        Hollywood, Florida 33021
        Tel. 954-284-0900 ext. 102
        Fax. 954-284-0747
        Email: asherperlin@gmail.com