UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                    Plaintiffs,

vs.                                                    Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                    Defendant.
_____/

**FOURTH MOTION FOR EXTENSION OF TIME
TO MOVE FOR DEFAULT JUDGMENT**

    Plaintiffs respectfully move this Court, pursuant to Local Rule 7.1(a)(1)(J), to extend from September 17, 2018 until October 3, 2018, Plaintiffs' time to move for default judgment. In support of this Motion, the Plaintiffs state as follows:

1. Defendant, Mousa Mohammed Abu Marzook, was served with process in this action as of April 13, 2018. See DE 32 at 2 (finding that "service was completed as of April 13, 2018").

2. The Defendant "failed to plead or otherwise defend" this action, Fed.R.Civ.P. 55(a), and after his time to do so expired, the Clerk of the Court entered default against the Defendant on June 12, 2018.

3. On June 25, 2018 the Court ordered the Plaintiffs "to move for Default Judgment by July 9, 2018, consistent with Federal Rule of Civil Procedure 55(b)." DE 35.

4. The Plaintiffs have previously requested three extensions of time to enable them to gather the necessary declarations and other evidence required to support a judgment for damages in this action. See DE 36, 38, 40.

5. The Plaintiffs are the family members and estate of the decedent, and (except for lost future income recoverable by the decedent's estate) Plaintiffs' damages are all intangible damages arising from the impact on them of the decedent's murder. To prove Plaintiffs' damages, their counsel have gathered the necessary evidence and documentation, including declarations from the Plaintiffs themselves and from other relevant witnesses, expert affidavit testimony, and the like.

6. At this time, almost all of the declarations in support of the Motion for Default Judgment have been executed and returned to Plaintiffs' counsel.

7. Unfortunately however, as previously stated, certain third-party witnesses who are not under Plaintiffs' control have not been consistently available. Specifically, Plaintiffs are still awaiting declarations from two health care professionals who treated the decedent's sister, plaintiff Geula Weinstock, over the years. These declarations are extremely important, because Geula suffers from mental impairment, and is unable to provide direct testimony regarding the impact on her of her brother's murder. Both of these witnesses are with certainty working on their declarations, but they are not yet completed.

8. The abundance of Jewish holidays during September (concluding this year on the evening of October 2, 2018), which are observed by most of the witnesses, the Plaintiffs and counsel, will make it exceedingly difficult or impossible to complete the motion for default judgments including the finalizing of the supporting evidence during this time.

9. In the parallel case of *Weinstock v. Islamic Republic of Iran*, Case No. 17-cv-23272-RNS, Defendant, Iran, has been served and has defaulted. The Court has extended the time for Plaintiffs to file their motion for default judgment as to Iran until October 3, 2018.

10. The evidence of damages in the two cases is identical.

11. Accordingly, Plaintiffs respectfully request an extension of time until October 3, 2018 to file their motion for default judgment as to Defendant, Abu Marzook (i.e., contemporaneously with their motion for default judgment in 17-cv-23272-RNS).

**WHEREFORE**, Plaintiffs respectfully request a further extension of time until October 3, 2018 to file their Motion for Default Judgment.

Respectfully submitted September 16, 2018

Plaintiffs, by their attorney,

By:   /s/ Asher Perlin
Asher Perlin, Esq.
Florida Bar No. 0979112
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Tel. 954-284-0900 ext. 102
Fax. 954-284-0747
Email: asherperlin@gmail.com
