UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

            Plaintiffs,

vs.                                  Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

            Defendant.
_____/

## DECLARATION OF INBAL SHARVIT ZAMIR, M.A.

I, Inbal Sharvit Zamir, declare pursuant to 28 U.S.C. § 1746, as follows:

I am over twenty-one years old and I make this declaration based on personal, first-hand knowledge of the events and facts described.

I am an Israeli citizen and I currently live and work in Israel.

I am a licensed psychotherapist with a specialization in expression and art therapy.

I have a bachelor's degree in behavioral sciences and a master's degree in expressive and creative therapy. Additionally, I am a graduate of the Hebrew University's three-year program in psychodynamic psychotherapy (post MA) and completed a three-year psychotherapy internship at the Kiryat Hayovel Community Mental Health Clinic in Jerusalem. I am presently a doctoral student in the psychoanalysis and interpretation program at Bar Ilan University.

I treated Geula ("Gili") Weinstock from 2009 until 2012.

Gili was referred to me by SHEKEL, Israel's leading organization for inclusion of people with disabilities.

I treated Gili for various severe emotional difficulties that were compounded by the grief she suffered as a result of the murder of her older brother, Yitzchak.

When I began treating Gili, we met once per week. But due to her need and her request for additional treatment we increased the frequency of our meetings to twice per week.

I treated Gili with music therapy integrated into psychotherapy.

Over the years during which I treated Gili, the central issues that regularly arose were Gili's

1

inability to cope with her bereavement over Yitzchak and the processing of her intense emotional pain.

Gili's post-trauma, in relation to Yitzchak's murder, is manifested in dreams connected to the event, difficulty functioning on the anniversary of his murder, continuous mourning that cannot be processed and great pain that does not afford her the freedom to engage in ordinary life matters.

Throughout her treatment, Gili engaged with her recollections and commemoration of her brother, Yitzchak. For example, on Yitzchak's birthday, on the anniversary of his murder, and similar dates that she associated with Yitzchak, Gili suffered a palpable decline in her emotional state as well as in her ability to function.

As a professional, I have no doubt that the loss of her brother and the enduring bereavement Gili has endured have had a tremendous impact on her life. Gili suffers from symptoms of Complex Post Traumatic Stress Disorder ("CPTSD") as a result of the loss of Yitzchak.

CPTSD or Complex trauma is a type of trauma that is caused as a result of continuous exposure to traumatic events that accumulate within the human psyche over a period of months or even years. CPTSD leads to difficulties in emotional regulation and to somatization (complaints of physical ailments), two symptoms that can definitely be observed and seen to occur in Gili's case.

Complex traumas are created in various situations, including participation in war and in natural and life-related disasters. The distinct symptoms of CPTSD include fluctuations in mood, difficulty in the regulation of emotions, social difficulty in interpersonal relationships, and difficulty in establishing existential purpose and meaningfulness.

Complex trauma is linked to eating disorders, self-harm, anxiety disorders, depression, behavioral problems, difficulty in interpersonal relationships, and hindered development of self-identity.

The significance of all these in Gili's life is such that she requires adaptive, long-term emotional therapy, so that she may lead a life that contains hope, liveliness and vitality.

I recommended at the time I treated Gili, and I continue to recommend that she continue to receive emotional treatment appropriate for her intellectual abilities and her emotional condition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3\10\18
Date          Inbal Sharvit-Zamir, M.A.