UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                Plaintiffs,

vs.                                            Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                Defendant.

_____/

**MOTION TO SEAL AND SUBSTITUTE REDACTED DOCUMENTS AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiffs respectfully move this Court, pursuant to Local Rule 7.1 to seal docket entries 48-1, 48-6, 48-7, 48-8, and 48-9 all of which contain information that is required to be redacted under Fed. R. Civ. P. 5.2, and states as follows:

1. On October 9, 2018 Plaintiffs filed numerous declarations in support of their motion for default judgment. DE 48.

2. Some of those declarations and the attached exhibits included information that is subject to redaction under Fed. R. Civ. P. 5.2.

3. Counsel for Plaintiffs inadvertently failed to redact those documents.

4. Docket entries 48-6, 48-7, 48-8, and 48-9 contain information that is identified as private under Rule 5.2(a).

5. Exhibit 48-1 does not contain information specifically identified as private under Rule 5.2. However, it contains certain individuals' Israeli identification numbers, which in many ways the functional equivalent of a United States social security number.

1

6. Exhibit 48-1 also contains certain home addresses that are deemed private under Fed. R. Crim. P. 49.1.

7. When counsel realized that the documents had not been redacted, I immediately consulted the Redaction Policy and Procedures found on the Court's website.

8. These Policies and Procedures direct that counsel should file a motion requesting that the document disclosing the information be sealed and that the CM/ECF Help Desk be contacted. See http://www.flsd.uscourts.gov/sites/flsd/files/QARedactionPolicyPublic.pdf

9. Undersigned counsel contacted the CM/ECF Help Desk and is filing this Motion requesting that docket entries 48-1, 48-6, 48-7, 48-8, and 48-9 be sealed.

10. Plaintiffs also file herewith redacted versions of docket entries 48-1, 48-6, 48-7, 48-8, and 48-9, and respectfully request that these be substituted into the record in place of the un-redacted versions.

11. The Court may seal exhibits that have not been redacted. *See Deauville Hotel Prop., Ltd. Liab. Co. v. Hartford Steam Boiler Insp. & Ins. Co.*, No. 13-CIV-20983, 2013 U.S. Dist. LEXIS 192340 (S.D. Fla. 2013). And, parties that inadvertently file unredacted documents are permitted to substitute redacted versions to comply with Rule 5.2. *See id*.

12. When Plaintiff sent copies of the Amended Motion for Default Judgment and accompanying documents to the defendant, Plaintiff included the redacted versions of the declarations.

**WHEREFORE**, Plaintiffs respectfully request that the Court direct the Clerk of the Court to seal docket entries 48-1, 48-6, 48-7, 48-8, and 48-9 and to substitute in their places in the court file the redacted versions of those docket entries.

Respectfully submitted October 10, 2018

                                        Plaintiffs, by their attorney,

By:   /s/ Asher Perlin
        Asher Perlin, Esq.
        Florida Bar No. 0979112
        4600 Sheridan Street, Suite 303
        Hollywood, Florida 33021
        Tel. 954-284-0900 ext. 102
        Fax. 954-284-0747
        Email: asherperlin@gmail.com