UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                Plaintiffs,
vs.                                        Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                Defendant.
_____/

**MOTION FOR ENTRY OF FINAL JUDGMENT IN A SEPARATE DOCUMENT
PURSUANT TO FED. R. CIV. P. 58(d)**

      Pursuant to Fed. R. Civ. P. 58(d) and Local Rule 7.1, the Plaintiffs respectfully request that the Court set out in a "separate document," in the form of Exhibit A to this motion, the final judgment entered in Plaintiffs' favor in this action on April 3, 2019. In support of their motion Plaintiffs state as follows:

      1.      On April 3, 2019 the Court entered a Final Default Judgment granting Plaintiffs' Motion for Entry of Default Final Judgment (DE 51). Plaintiffs are, naturally, desirous of initiating proceedings to enforce their judgment as soon as possible. Their ability to do so turns in part on the running of the appeal period. For example, 28 U.S.C. § 1963 permits plaintiffs to register and enforce their judgment in other federal districts without leave only after "the judgment has become final by appeal or expiration of the time for appeal."

      2.      The running of the time to appeal, in turn, is tied to the date on which a judgment is entered in a "separate document." Fed. R. Civ. P. 58(a) provides that (with certain exceptions not relevant here), "Every judgment and amended judgment must be set out in a separate document." *Cf.*, *Gabon v. Kairo Logistics*, 2016 U.S. Dist. LEXIS 154824 (S.D. Fla. 2016)

1

(court entered final judgment in a separate document); *Houston v. S. Bay Inv'rs #101, LLC*, 2013 U.S. Dist. LEXIS 104281 (S.D. Fla. 2013) (same).

3. Both Fed. R. Civ. P. 58(c) and Fed. R. App. P. 4(a)(7)(A) provide that where a "separate document" is required, the time to appeal begins to run after the judgment is entered in the civil docket, on the date that the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket. "[T]he time to file a notice of appeal does not begin to run until a separate judgment is entered pursuant to Rule 58." *Reynolds v. Golden Corral Corp.*, 213 F.3d 1344, 1346 (11th Cir. 2000). *See also Graddy v. Educ. Credit Mgmt. Corp.*, 2019 WL 949063, at *2 (11th Cir. Feb. 26, 2019) (footnote omitted).

4. It appears that the Final Default Judgment entered on April 3, 2019, does not constitute a judgment "set out in a separate document." Fed. R. Civ. P. 54(a) provides in relevant part that "[a] judgment should not include recitals of pleadings … or a record of prior proceedings." *Harding v. Orlando Apartments, LLC*, 2013 WL 12097944, at *1 (M.D. Fla. Jan. 25, 2013) ("While Rule 58 provides for the entry of judgment, Rule 54 defines a 'judgment.'").

5. The Final Default Judgment entered on April 3, 2019 includes the procedural history of this case and the Court's findings underlying its ultimate conclusion, and therefore does not appear to meet the definition in Rule 54(a). Accordingly, it does not trigger the running of the 30-day appeal period. *Cf. Williams v. Wells Fargo Bank*, 2016 WL 3569940, at *1 (S.D. Tex. June 30, 2016) (finding that order was not a final judgment, and so did not start time to move to alter or amend, "because it contains recitals from other case filings, a violation of Rule 54(a) of the Federal Rules of Civil Procedure."); *Schwartz & Schwarz of Virginia, L.L.C. v.*

*Certain Underwriters at Lloyd's*, 2010 WL 2884702, at *1 (W.D. Va. June 25, 2010) (discussing connection between Rule 54(a), finality and running of time to appeal).[1]

6.  Fed. R. Civ. P. 58(d) expressly provides that a "party may request that judgment be set out in a separate document as required by Rule 58(a)." In light of the above, and Plaintiffs' legitimate desire to initiate enforcement proceedings promptly, the Plaintiffs respectfully request, in accordance with Rule 58(d), that the Court enter its Final Judgment in a "separate document."

7.  For the Court's convenience, Plaintiffs are attaching to this motion a proposed final judgment, which is a slightly modified version of the Proposed Judgment (DE 46-2) Plaintiffs filed with their Motion for Default Final Judgment (DE 46).

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this motion forthwith.

Respectfully submitted April 10, 2019.

                              Plaintiffs, by their attorney,

By:   /s/ Asher Perlin_____
        Asher Perlin, Esq.
        Florida Bar No. 0979112
        4600 Sheridan Street, Suite 303
        Hollywood, Florida 33021
        Tel. 954-284-0900 ext. 102
        Fax. 954-284-0747
        Email: asherperlin@gmail.com

---

[1] *See also e.g. Lacey v. Homeowners of Am. Ins*, 546 F. App'x 755, 757 (10th Cir. 2013) ("Because the district court did not enter a judgment on a separate document pursuant to Rule 58 after dismissing the complaint … the judgment was deemed entered 150 days later … Appellant's time to appeal expired thirty days later."); *Kunz v. Felice,* 538 F.3d 667, 673 (7th Cir. 2008) ("If the separate document rule applies, then both Rule 58(c)(2) and Fed. R. App. P. 4(a)(7)(A)(ii) provide that the time of entry is considered to be the earlier of the date when the judgment is set out in the separate document or 150 days from the entry of the order or judgment in the civil docket.").