# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 1:17-23202-Civ-SCOLA

| | |
|---|---|
| SHARON WEINSTOCK, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) |
| MOUSA MOHAMMED ABU MARZOOK, | ) ) ) ) |
| *Defendant*. | ) ) |

**UNOPPOSED MOTION OF THE OFFICE OF FOREIGN ASSETS CONTROL FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT THEREOF**

**PRELIMINARY STATEMENT**

The Office of Foreign Assets Control (OFAC) moves for entry of a protective order authorizing the disclosure of documents or information responsive to the subpoena dated April 17, 2019, from Plaintiffs to OFAC (Subpoena).[1] OFAC moves for entry of the protective order to protect its personnel against any claim that they have violated the Trade Secrets Act (TSA), 18 U.S.C. § 1905, by producing documents or information responsive to the Subpoena. Plaintiffs' counsel has confirmed that Plaintiffs do not object to the entry of the requested protective order.

---

[1] OFAC "is the unit within Treasury that imposes and administers economic sanctions against foreign entities suspected of engaging in international terrorism." *N.Y. Times Co. v. Dep't of the Treas.*, 2016 WL 4147223, at *1 (S.D.N.Y. Aug. 2, 2016).

## BACKGROUND

Plaintiffs hold a judgment against Defendant dated April 3, 2019. ECF No. 51; *see also* ECF No. 54 (Rule 58 Separate Document). The Subpoena seeks material that Plaintiffs may use "in order to assist them in satisfying the Final Default Judgment," Aff. of Asher Perlin (April 17, 2019), attached hereto as Exhibit A, ¶ 7, specifically, "a list of persons holding assets that are blocked due to a nexus with Mousa Mohammed Abu Marzook . . . together with the amounts held at each such financial institution rounded down to the nearest $1,000," Ex. A at 6.

OFAC has agreed to provide Plaintiffs with certain information responsive to the Subpoena, but doing so without a protective order might subject OFAC personnel to claims under TSA. OFAC therefore asks the Court to enter the proposed protective order submitted herewith.[2]

## ARGUMENT

### THE PROPOSED PROTECTIVE ORDER SHOULD BE ENTERED.

TSA "is a general criminal statue that provides a penalty for any employee of the United States Government who discloses, in a manner not authorized by law, any trade-secret information that is revealed to him during the course of his official duties." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1008 (1984). TSA provides:

> Whoever, being an officer or employee of the United States or of any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns

---

[2] The proposed protective order does not waive or adjudicate any objection to the Subpoena that OFAC may have or any claim of privilege it may have as to any document or information responsive to the Subpoena. OFAC takes no position by moving for entry of the proposed protective order as to the susceptibility to attachment of any asset that may be identified as a result of its compliance with the Subpoena.

>   or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

"The language of [TSA]" has been described as "exceedingly broad," even "oceanic." *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987). TSA thus has been held to "'encompass[] virtually every category of business information likely to be in the files' of an agency" and therefore "to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment." *Id.* (quoting *Chrysler Corp. v. Schlesinger*, 565 F.2d 1172, 1186 (3d Cir. 1977)).

A disclosure prohibited by TSA is permitted if the disclosure is "pursuant to a lawfully issued judicial order." *United States v. Liebert*, 519 F.2d 542, 546 (3d Cir. 1975). Although a subpoena is "signed by the clerk of the court, is issued in the name of the court, and carries with it the contempt power," the requirement of a judicial order "carr[ies] with it a connotation of more than *pro forma* court involvement." *Doe v. DiGenova*, 779 F.2d 74, 81 (D.C. Cir. 1985). A bare subpoena therefore does not authorize the Federal Government to make a disclosure it otherwise is prohibited by law from making. *See id.* at 85 (holding that "subpoenas—grand jury or otherwise—" do not permit disclosures that the Federal Government is prohibited by the Privacy Act from making because subpoenas "do not qualify as 'order[s] of a court of competent jurisdiction' under [the Privacy Act], unless they are specifically approved by a court").

Protective orders similar to the one for which OFAC moves have been entered in other cases.[3]  The protective order for which OFAC now moves should be entered as well.

## CONCLUSION

For the foregoing reasons, OFAC requests that the Court enter the proposed protective order lodged with this motion.

Dated: May 31, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General, Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Branch Director, Federal Programs Branch

/s/ *Michael F. Knapp*
Michael F. Knapp
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-8613
michael.knapp@usdoj.gov

---

[3] *E.g.*, *Stansell v. Rev. Armed Forces of Colombia*, No. 8:09-cv-02308-CEH-AAS (M.D. Fla.), ECF No. 1193 (entering protective order on Mar. 15, 2019); *Malina v. Syrian Arab Rep.*, No. 1:11-cv-00093-JMF (D.D.C.), ECF No. 64 (entering protective order on Nov. 5, 2018); *Thuneibat v. Syrian Arab Rep.*, No. 1:12-cv-00020-BAH (D.D.C.), ECF No. 40 (entering protective order on Nov. 1, 2018); *Kirschenbaum v. Islamic Rep. of Iran*, No. 1:08-cv-01814-RCL (D.D.C.), ECF No. 45 (entering protective order on Oct. 10, 2018); *Beer v. Islamic Republic of Iran*, No. 1:03-cv-01708-RCF (D.D.C.), ECF No. 60 (same); *Baker v. Great Socialist People's Libyan Arab Jamahiriya*, No. 1:03-cv-00749-GMH (D.D.C.), ECF No. 148 (entering protective order on Feb. 20, 2018); *see also Doe v. Ejército de Liberación Nacional*, No. 1:10-cv-21517-PCH, ECF Nos. 53, 135, 176, 192, 207, 219, 223, 225, 227, 229, 231 (entering various protective orders).

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2019, I served the within notice on all counsel of record by filing it with the Court by means of its ECF system.

/s/ Michael F. Knapp