United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sharon Weinstock, et al.,<br>Plaintiffs,<br><br>v.<br><br>Mousa Mohammed Abu Marzook,<br>Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 17-23202-Civ-Scola<br>)<br>)<br>) |

**PROTECTIVE AGREEMENT AND ORDER**

WHEREAS, the above-referenced plaintiff-judgment creditors ("Plaintiffs") are seeking discovery in connection with the effort to enforce the judgments ("Judgments") in favor of Plaintiffs against Mousa Mohammed Abu Marzook, the Islamic Republic of Iran, and Hamas – The Islamic Resistance Movement ("Defendants");

WHEREAS, in connection with Plaintiffs' discovery and enforcement effort, Plaintiffs have served certain subpoenas (the "Subpoenas") on Bank of America, N.A. (the "Bank") seeking certain documents and electronically stored information (collectively: the "Documents");

WHEREAS, the Bank believes that the Documents sought necessarily contain customer financial information or other confidential information; and

WHEREAS, the Bank is prepared to produce certain of the documents sought, provided they are produced subject to an appropriate protective agreement and order;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall govern the production and exchange of all Documents

and other information produced, given, or exchanged by the Bank and the use of any such materials during the course of Plaintiff's enforcement proceedings:

  A. Counsel for the Bank (the "Producing Party") may designate any Documents produced in response to the subpoenas, discovery responses or other information taken, given or exchanged in the course of discovery in the proceeding as "Confidential" when the Producing Party in good faith believes that such Documents, discovery responses or confidential information constitute or contain confidential information of or concerning clients or customers of the Producing Party or wire transfer transactions in which the Producing Party was involved, including correspondent banking customers or financial information, trade secrets, or otherwise private or confidential information that requires the protection provided in this Protective Agreement and Order (hereinafter "Confidential Documents" or "Confidential Information").  Confidential Information includes, but is not limited to, the following kinds of information: non-public customer financial information of any kind; wire transfer information, including accounts holding the proceeds of blocked wire transfers; and non-public documents or information reflecting account information by account or in the aggregate.

  B. Documents or other information designated by the Producing Party as Confidential shall remain confidential and be filed with a court under seal, or shall be redacted from any pleadings or other filings or documents not filed under seal.

C. Confidential Information may be used by the party receiving such information (the "Receiving Party") only for purposes of: (1) enforcing or satisfying the Judgments, pursuant to procedures authorized by law, including a turnover motion; and (2) identifying assets or property subject to execution or enforcement in satisfaction of the Judgments, including the use of such information in relation to the taking of discovery from third parties.

D. Any documents or other materials to be designated as Confidential Documents or Confidential Information shall be so designated by stamping the documents or other materials, at the time of production, with the legend "Confidential" or a substantially similar legend. Confidential status shall extend only to such page of a document stamped with the legend "Confidential." Inadvertent failure to designate materials as confidential at the time of production may be remedied by supplemental written notice and/or the production of copies of properly stamped documents.

E. Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity protecting such materials from discovery shall not constitute a waiver of, or an estoppel as to, any claim of such privilege or protection, and any person who has received such materials shall, upon learning that such materials are subject to a claim of privilege, either (a) immediately return all such materials to the person that produced them; (b) immediately destroy all such materials; or (c) promptly notify counsel, in writing, of his or her possession of such materials and immediately cease to use all such materials for any purpose until obtaining

either the consent of the Producing Party or an appropriate order from the Court. If the Receiving Party disputes any claim of privilege over materials that were inadvertently disclosed, the Producing Party shall provide the Receiving Party with a log sufficient to assess the claim of privilege, which may be used by the Receiving Party to contest the claim of privilege.

    F.    Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

1. Counsel and co-counsel for the Receiving Party, including paraprofessional and clerical personnel who are employees of such counsel;

2. The courts and their support personnel in this Action and in any proceedings incident to efforts to collect on or satisfy the Judgments;

3. The Receiving Party's outside vendors that perform photocopying, microfiching and other functions, but only for so long as necessary for such vendors to perform those services, and provided that they are advised in writing of the confidential nature of the materials involved;

4. Any expert or consultant retained by the Receiving Party's counsel;

5. Any person or entity who, based on the face of the documents, has previously seen the Confidential Information;

6. Witnesses to be called to give testimony under oath and their counsel; and

7. Persons whom or which plaintiffs' counsel reasonably believe may hold or control (i) assets or property against which the Judgments may be enforced and/or (ii) documents or information relating to such assets or property (including counsel for and employees of such persons).

    G.    Notwithstanding Paragraph F, the Receiving Party shall request that any person described in subparagraphs F(3) through F(7) above sign the

"Agreement To Be Bound By Protective Agreement And Order" (Exhibit A), and shall obtain signed copies from persons with its control, including any person described in subparagraph F(3), F(4), and F(6).  Regardless of whether such person signs the "Agreement to Be Bound By Protective Agreement and Order" (Exhibit A), all persons described in subparagraphs F(3) through F(7) above shall be provided with a copy of this Protective Agreement and Order and are hereby restricted to using Confidential Information only for the purposes authorized by this Protective Agreement and Order.  To the extent Confidential Information is disclosed to persons described in subparagraphs F(2), F(4), F(5), F(6) and F(7), only those portions of the Confidential Information that are necessary for the purposes of that specific disclosure shall be disclosed to such persons.  Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate a permitted use hereunder.

H. This Protective Agreement and Order is without prejudice to the right of any party hereto to (a) apply to the Court for a further order relating to any Confidential Documents or Confidential Information, including making a challenge to a designation of a document or information as Confidential; or (b) apply to the Court for an order permitting disclosure of Confidential Information other than as provided herein.  The provisions of this Protective Agreement and Order may also be modified on the Court's own motion, or by motion by any party upon notice.

I. The termination of any proceeding incident to efforts to collect on the Judgments shall not relieve any person or party provided Confidential

Information of his, her or its obligations under this Protective Agreement and Order.

J.      Entering into this Protective Agreement and Order, producing or receiving Confidential Documents or Confidential Information, or otherwise complying with the terms of this Protective Agreement and Order shall not: (i) waive, supersede or amend the provisions of any prior confidentiality agreement between the Bank and any non-party; (ii) be construed or operate as a waiver of any claim of domestic or foreign privilege or immunity with respect to the production of any document; (iii) be construed or operate as a waiver of any objections the Bank is entitled to assert, if any, with respect to the subpoenas; or (iv) be deemed to modify or otherwise alter any applicable privileges, immunities or prohibitions against disclosure of documents or information under domestic or foreign laws or regulations, including but not limited to domestic or foreign bank secrecy laws, blocking laws, privacy laws or similar laws or regulations.

K.      Within 90 days of the resolution of the last proceeding incident to efforts to collect on the Judgments, by settlement or final judgment, and the conclusion of any appeals therefrom, all Confidential Documents, Confidential Information, and copies thereof shall promptly be destroyed, which destruction shall be certified in writing to the Producing Party, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court.  Any such retained materials shall be placed in an envelope marked

"Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Protective Agreement and Order.

L.  All counsel for any Receiving Party shall also maintain copies of any executed Acknowledgments they obtain pursuant to this Protective Agreement and Order for at least one year following final resolution of this action, including any appeals arising therein.

M.  The provisions of this Protective Agreement and Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information that are or become public knowledge without a violation of this Protective Agreement and Order.

N.  Persons may become parties to this Protective Agreement and Order, and become subject to its terms, by signing (by counsel or individually) the "Agreement To Be Bound By Protective Agreement And Order" (Exhibit A), filing the signed "Agreement To Be Bound By Protective Agreement And Order" with the Court, and serving it on all counsel of record.

O.  Notices required under this Protective Agreement and Order shall be made to counsel for a person or entity (or, if unrepresented, to the person or entity directly) via email and overnight delivery service and shall be deemed effective on the next business day following the date sent.

P.  Upon execution, this Protective Agreement and Order shall have the effect of an agreement among the signatories and is not conditioned on the Court's eventual so-ordering of this Protective Agreement and Order. Furthermore, nothing in this Protective Agreement and Order shall inhibit

Plaintiffs from commencing proceedings to execute upon or attach assets or otherwise seek to satisfy the Judgments based upon information that the Bank provides before the Court so-orders this Protective Agreement and Order.

Q. Without further application to the Court (unless required by the Court), a party may make the redactions authorized by Fed. R. Civ. P. 5.2(a), subject to the limitations and procedures set forth in other subdivisions of Rule 5.2.

R. The Court retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

S. This Protective Agreement and Order may be signed by counsel in counterparts, which shall have the same force and effect as if all signatures appeared on one document. Email or facsimile copies of signatures shall also have the same force and effect as original signatures.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

T.	To the extent, if any, that this Protective Agreement and Order is not governed by federal law (including without limitation the Federal Rules of Civil Procedure), it shall be governed by, and construed in accordance with, the law of the State of New York.  Any action or proceeding related in any way to this Protective Agreement and Order or the Subpoenas shall be brought in and resolved by the United States District Court for the Southern District of New York.  The Bank and the Plaintiffs hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding or the right to contest personal jurisdiction or venue in the Southern District of New York.

Dated: October 2, 2019
       New York, New York

| ASHER PERLIN, ATTORNEY AT LAW | DAVIS POLK & WARDWELL LLP |
|---|---|
| By: /s/ Asher Perlin<br>Asher Perlin, Esq.<br>4600 Sheridan Street, Suite 303<br>Hollywood, Florida 33021<br>Phone: (954) 284-0900 ext. 102<br>Fax:    (201) 265-0303<br>Email:  asher@asherperlin.com | By: /s/ Craig T. Cagney<br>Craig T. Cagney, Esq.<br>450 Lexington Avenue<br>New York, New York 10017<br>Phone: (212) 450-3162<br>Fax:    (212) 701-3162<br>Email:<br>craig.cagney@davispolk.com |
| *Attorneys for Plaintiffs* | *Attorneys for Bank of America, N.A.* |

**Done and ordered** in chambers at Miami, Florida, on October 4, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

## **<u>Exhibit A to Protective Agreement and Order</u>**

## **AGREEMENT TO BE BOUND BY PROTECTIVE AGREEMENT AND ORDER**

I, _____, under penalty of perjury under the laws of the United States of America state as follows.

My residence address is: _____

_____

My current employer is: _____

_____

My business address is: _____

_____

My business telephone is: _____

I have read and understand in its entirety the Protective Agreement and Order that was issued by the United States District Court for the Southern District of Florida in the cases of *Sharon Weinstock v. Mousa Mohammed Abu Marzook*, Civil Action No. 17-23202, and *Sharon Weinstock v. Islamic Republic of Iran*, Civil Action No. 17-23272, dated _____, 2019.

I agree to comply with and to be bound by all the terms of this Protective Agreement and Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court, money damages, interim or final injunctive relief and/or such other relief that the Court deems appropriate.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Agreement and Order to any person or entity except in strict compliance with its provisions.

Date:_____

City and State (or Country) where sworn and signed:_____

Printed name:_____

Signature:_____