**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SHARON WEINSTOCK, *et al.*, | ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) Civil Action No. 1:17-cv-23202-RNS |
| v. | ) <br> ) |
| MOUSA MOHAMMED ABU MARZOOK, | ) <br> ) <br> ) |
| *Defendant*. | ) |

**UNOPPOSED MOTION OF THE OFFICE OF FOREIGN ASSETS CONTROL
FOR UPDATED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**

On June 4, 2019, the Court granted an unopposed motion filed by the Treasury Department's Office of Foreign Assets Control (OFAC) for entry of a protective order authorizing the disclosure of documents or information responsive to subpoenas from Plaintiffs to OFAC, dated April 17, 2019 and May 8, 2019. ECF No. 57. On December 30, 2019, Plaintiffs issued another subpoena to OFAC seeking additional documents. Accordingly, OFAC herby moves for entry of an updated protective order, extending its scope to protect OFAC personnel against any claim that they have violated the Trade Secrets Act (TSA), 18 U.S.C. § 1905, by producing documents or information responsive to the December 30 subpoena. Plaintiffs' counsel has confirmed that Plaintiffs do not object to the entry of the updated protective order, attached as Exhibit 1 to this motion.

Entry of the updated protective order is appropriate for the following reasons:

1.      Plaintiffs hold a judgment against Defendant Mousa Mohammed Abu Marzook dated April 2, 2019. ECF No. 51; *see also* ECF No. 54 (separate judgment dated April 15, 2019).

2.      Pursuant to the December 30 subpoena, Plaintiffs seek from OFAC material "to

1

assist them in satisfying the Final Default Judgment." Affidavit of Asher Perlin ¶ 7, attached as Exhibit 2.

3. OFAC has agreed to provide Plaintiffs with certain material responsive to the December 30 subpoena.[1]

4. The TSA "is a general criminal statue that provides a penalty for any employee of the United States Government who discloses, in a manner not authorized by law, any trade-secret information that is revealed to him during the course of his official duties." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1008 (1984). The TSA has been held to "'encompass[] virtually every category of business information likely to be in the files' of an agency" and therefore "to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment." *Chrysler Corp. v. Schlesinger*, 565 F.2d 1172, 1186 (3d Cir. 1977).

5. A disclosure otherwise prohibited by the TSA is permitted if such disclosure is "pursuant to a lawfully issued judicial order." *United States v. Liebert*, 519 F.2d 542, 546 (3d Cir. 1975). A subpoena alone does not satisfy this requirement, nor does it authorize the Government to make a disclosure it otherwise is prohibited by law. *Doe v. DiGenova*, 779 F.2d 74, 81, 85 (D.C. Cir. 1985).

6. This Court previously issued a protective order at OFAC's request for substantively identical reasons. ECF No. 57. This order was consistent with orders previously issued by courts

---

[1] The proposed protective order does not waive or adjudicate any objection to the subpoena that OFAC may have or any claim of privilege it may have as to any document or information responsive to the subpoena. By moving for entry of the proposed protective order, OFAC takes no position as to the susceptibility to attachment of any asset that may be identified as a result of its compliance with the subpoena.

in similar circumstances.[2]

For the foregoing reasons, OFAC requests that the Court enter the proposed updated protective order attached to this motion. Pursuant to Local Rule 7.1(a)(3), Counsel for OFAC has conferred with counsel for Plaintiffs regarding this request, and Plaintiffs consent to the entry of this order.

Dated: February 12, 2020

                                          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General, Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Branch Director, Federal Programs Branch

/s/ *Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (D.C. Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 615-8470
Email: leslie.vigen@usdoj.gov

---

[2] *E.g.*, *Stansell v. Rev. Armed Forces of Colombia*, No. 8:09-cv-02308-CEH-AAS (M.D. Fla.), ECF No. 1193 (entering protective order on Mar. 15, 2019); *Malina v. Syrian Arab Rep.*, No. 1:11-cv-00093-JMF (D.D.C.), ECF No. 64 (entering protective order on Nov. 5, 2018); *Thuneibat v. Syrian Arab Rep.*, No. 1:12-cv-00020-BAH (D.D.C.), ECF No. 40 (entering protective order on Nov. 1, 2018); *Kirschenbaum v. Islamic Rep. of Iran*, No. 1:08-cv-01814-RCL (D.D.C.), ECF No. 45 (entering protective order on Oct. 10, 2018); *Beer v. Islamic Republic of Iran*, No. 1:03-cv-01708-RCF (D.D.C.), ECF No. 60 (same); *Baker v. Great Socialist People's Libyan Arab Jamahiriya*, No. 1:03-cv-00749-GMH (D.D.C.), ECF No. 148 (entering protective order on Feb. 20, 2018); *see also Doe v. Ejército de Liberación Nacional*, No. 1:10-cv-21517-PCH, ECF Nos. 53, 135, 176, 192, 207, 219, 223, 225, 227, 229, 231 (entering various protective orders).