IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHARON WEINSTOCK, *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) Civil Action No. 1:17-cv-23202-RNS |
| v. | )<br>) |
| MOUSA MOHAMMED ABU MARZOOK, | )<br>)<br>) |
| *Defendant*. | )<br>) |

## UPDATED PROTECTIVE ORDER

Upon consideration of the Unopposed Motion of the Office of Foreign Assets Control (OFAC) for Updated Protective Order and good cause having been shown, it is ordered as follows:

1. OFAC's motion is granted.

2. OFAC and its personnel are authorized, pursuant to the terms set forth in this Order, to disclose documents or information responsive to the subpoena dated December 30, 2019, from Plaintiffs to OFAC (Subpoena), irrespective of whether the disclosure of the documents and information would be prohibited in the absence of this Order by the Trade Secrets Act, 18 U.S.C. § 1905.

3. All documents or information produced in response to the Subpoena and all portions thereof (collectively, Confidential Material) are deemed confidential, unless Plaintiffs are otherwise advised by OFAC in writing.

4. Confidential Material may be used only for the purpose of attempting to collect upon the judgment in this action dated April 2, 2019, ECF No. 51; *see also* ECF No. 54 (the Judgment) pursuant to procedures authorized by law, and for no other purpose.

5. No person shall be permitted to have access to Confidential Material, nor shall any person be informed of the substance of the Confidential Material by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties and OFAC in writing, or by order of the Court.

6. Confidential Material shall not be disclosed or distributed to any person or entity other than the following:

   a. the attorneys (including their paralegal, clerical, or other assistants) for parties to this action or for parties to any proceeding incident to efforts to collect on the Judgment, but only insofar as the attorneys have a need for the Confidential Information in connection with this action or such proceeding;

   b. the courts and their support personnel in this action and in any proceeding incident to efforts to collect on the Judgment;

   c. persons or entities served with writs of attachment or other legal process incident to efforts to collect on the Judgment or holding assets identified in the Confidential Material;

   d. local or federal law enforcement personnel involved in any proceeding incident to efforts to collect on the Judgment;

   e. any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the Judgment pursuant to procedures authorized by law; or

   f. the respective client representatives of the parties.

7. To the extent that Confidential Material is disclosed to persons described in subparagraphs 6(a), (c), or (e)-(f), only those portions of the Confidential Material that are

necessary for each specific proceeding incident to efforts to collect on any or all of the Judgments or that relate to specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 6(a), (c), or (e)-(f) shall be provided with a copy of this Order. All such persons are required to use Confidential Material only for purposes directly related to the satisfaction of the Judgment and are prohibited from using Confidential Material for any other litigation or proceeding or for any business, commercial, competitive, personal, or other purpose. Copies of documents containing Confidential Material shall be made only to the extent necessary to facilitate a use permitted by this Order.

8. Confidential Material shall not be disclosed to any person described in subparagraphs 6(a), (c) or (e)-(f) unless and until such person has been shown this Order and has agreed in writing to be bound by its terms by signing a copy of the attached Acknowledgment Form. A copy of each executed Acknowledgment Form shall be kept by counsel for the party on behalf of whom disclosure is made pursuant to subparagraphs 6(a), (c), or (e)-(f).

9. The termination of this action or any proceeding incident to efforts to collect on the Judgment shall not relieve any person or party provided Confidential Material of any obligation under this Order.

10. All Confidential Material that is filed with any court and any pleadings, motions, exhibits, or other papers filed with any court referencing or containing Confidential Material shall be filed under seal to the extent of such Confidential Material, unless Plaintiffs are otherwise advised by OFAC in writing, and kept under seal until further order of the Court.

11. Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the Judgment by settlement or final judgment and the termination of any appeals therefrom, all Confidential Material, and all copies thereof, shall be promptly destroyed, provided

that counsel may retain one complete set of any such materials that were presented in any form to a court. Any such retained materials shall be marked "Subject to Protective Order" in the form in which they are stored and shall be stored with a copy of this Order.

12. The provisions of this Order restricting the use and disclosure of Confidential Material shall not apply to documents or information which were, are, or become known to Plaintiffs or their counsel from third parties because of actions that do not violate this Order.

13. This Order does not waive or adjudicate any objection to the Subpoena that OFAC may have or any claim of privilege involving any document or information responsive to the Subpoena that OFAC may have. OFAC takes no position by moving for entry of this Order on the susceptibility to attachment of any asset that may be identified as a result of its compliance with the Subpoena.

14. OFAC shall have no duty to produce Confidential Material to anyone other than Plaintiffs. Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee of the United States from using or disclosing Confidential Material for any purpose authorized by law or the re-disclosure of Confidential Material directly to OFAC or to counsel for the United States.

**DONE AND ORDERED** at Miami, Florida, on February 12, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHARON WEINSTOCK, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Civil Action No. 1:17-cv-23202-RNS |
| v. ) | |
| ) | |
| MOUSA MOHAMMED ABU ) | |
| MARZOOK, ) | |
| ) | |
| *Defendant*. ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in this action by the United States District Court for the Southern District of Florida, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Material made available to him or her other than in strict compliance with the Protective Order. The undersigned acknowledges that his or her duties under the Protective Order shall survive termination of this action and are permanently binding and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

_____
Signature

_____
Print Name

DATED:

1