# Exhibit "B"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-cv-23202-SCOLA

SHARON WEINSTOCK, individually,
as the legal guardian of plaintiff Geula Weinstock,
and as personal representative of the Estates of
Yitzchak Weinstock, Dov Weinstock,
Rabbi Simon Dolgin, and Shirley Dolgin;
MOSHE WEINSTOCK, individually,
as the legal guardian of Geula Weinstock,
and as personal representative of the Estates of
Yitzchak Weinstock and Dov Weinstock;
GEULA WEINSTOCK;
ARYEH WEINSTOCK;
CHAIM WEINSTOCK;
ESTATE OF YITZCHAK WEINSTOCK;
ESTATE OF DOV WEINSTOCK;
ESTATE OF RABBI SIMON DOLGIN; and
ESTATE OF SHIRLEY DOLGIN,

    Plaintiffs,

v.

MOUSA MOHAMMED ABU MARZOOK,
(a/k/a "Musa Abu Marzook," "Mousa Abu Marzouk,"
"Musa Abu Marzouk," "Abu Omar," or "Abu Umar"),

    Defendant.
_____/

## PROTECTIVE ORDER

Upon consideration of the Motion for Protective Order and Memorandum in Support Thereof filed by the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**. It is further **ORDERED** that:

**WHEREAS**, on or about January 11, 2023, Plaintiffs served upon OFAC a subpoena issued pursuant to Federal Rule of Civil Procedure 45 and that subpoena attached a single-page

document titled "Exhibit A," describing the information sought by Plaintiffs (collectively, the "January 2023 Subpoena");

**WHEREAS,** OFAC has elected to produce certain information requested in the January 2023 Subpoena and understands that the information shall be used for the limited purpose of assisting Plaintiffs in seeking satisfaction of a money judgment entered by this Court in this action, and not for the purpose of general review or dissemination among the Plaintiffs or any other unapproved use by Plaintiffs or Plaintiffs' counsel;

**WHEREAS**, the information requested by the January 2023 Subpoena may include information that is protected from disclosure by the Trade Secrets Act, 18 U.S.C. § 1905, and that dissemination of the information to Plaintiffs in response to the January 2023 Subpoena without a protective order might potentially violate the Trade Secrets Act; and

**WHEREAS,** to permit Plaintiffs to obtain and use the information to be disclosed by OFAC without making this information public, the Court hereby enters this Protective Order, pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), for the purpose of assuring the protection of the information and documents.

<u>**AUTHORIZATION TO DISCLOSE INFORMATION**</u>[1]

1. OFAC is authorized, pursuant to the terms set forth herein, to disclose information responsive to the third-party subpoena issued by Plaintiffs and referred to herein as the January 2023 Subpoena, including information that may otherwise be protected from disclosure by the provisions of the Trade Secrets Act.

---

[1] The section headings in this Protective Order have been inserted for convenience only and shall not limit the scope or otherwise affect the interpretation of any term or provision of this Protective Order.

2

**LIMITATIONS ON USE AND ACCESS TO CONFIDENTIAL INFORMATION**

2. Within this Protective Order, the term "Confidential Information" shall mean any information produced in response to the January 2023 Subpoena, unless OFAC explicitly states in writing to Plaintiffs or their legal representative that a specific piece of information does not fall within the scope of "Confidential Information" protected under this Order.

3. Confidential Information may be used only for the purpose of attempting to collect upon the judgment entered in the above-captioned matter ("the *Abu Marzook* Litigation") and not for any other litigation or proceeding or for any business, commercial, competitive, personal, or other purpose.

4. Within this Protective Order, the term "access" shall mean to view, obtain, examine, or retrieve either in hardcopy or electronic form any piece of Confidential Information.

5. No person shall be permitted to access Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided for in this Protective Order, by other order of this Court or another court incident to the efforts to collect on a judgment entered in the *Abu Marzook* Litigation, or as otherwise agreed upon in writing between the Plaintiffs and OFAC.

6. No person or entity should be permitted to access Confidential Information except the following:

   a. the attorneys (including their paralegal, clerical, or other assistants) who have a need to access Confidential Information in connection with their role as counsel for a party to the *Abu Marzook* Litigation or a participant in proceedings incident to efforts to collect on a judgment entered in the *Abu Marzook* Litigation;

   b. the courts and their support personnel in the *Abu Marzook* Litigation and in any proceedings incident to efforts to collect on a judgment entered in the *Abu Marzook* Litigation;

3

    c. persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the judgment entered in the *Abu Marzook* Litigation or those holding assets identified in the Confidential Information;

    d. local or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the judgment entered in the *Abu Marzook* Litigation;

    e. any other person to whom disclosure is required incident to efforts to collect on the judgment entered in the *Abu Marzook* Litigation, so long as such disclosures are otherwise made pursuant to procedures authorized by law; and

    f. the respective client representatives of the parties.

7. To the extent that Confidential Information is disclosed to persons described in subparagraphs 6(c) through 6(f), only those portions of the Confidential Information that are necessary for each specific proceeding related to efforts to collect on the judgment in the *Abu Marzook* Litigation or that relate to specific assets at issue shall be disclosed to such persons. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

**PROVISION OF PROTECTIVE ORDER AND ACKNOWLEDGEMENT FORM**

8. All persons described in the subparts of paragraph 6 shall be provided with a copy of this Protective Order.

9. Confidential Information shall not be disclosed to any person or persons described under subparagraphs 6(a) and 6(e)–6(f), unless and until such person has reviewed this Protective Order and has executed the attached Acknowledgement Form reflecting that the person has agreed to be bound by the Protective Order's terms. A copy of each executed Acknowledgment Form shall be kept by counsel for the party on whose behalf the information is being disclosed (e.g., if counsel for Plaintiff X hires an expert who needs access to Confidential Information in connection with an approved use of the Confidential Information, then the expert must provide an executed

copy of the Acknowledgement Form to counsel for Plaintiff X prior to that counsel's disclosure of any Confidential Information to that expert).

### FILING CONFIDENTIAL INFORMATION WITH THE COURT

10. Where any party seeks to file Confidential Information with any court, including filing any pleading, motion, exhibit, or other paper with the Court that references or contains Confidential Information or attaches documents containing Confidential Information, then the party shall first seek authorization from the court through motion or other applicable procedures to submit the Confidential Information to the court under seal.

11. If a party seeks authorization to file Confidential Information under seal, as required by this Protective Order, then the party shall promptly notify OFAC that such a motion or other request has been filed with the court.

### DISCLOSURE UNRELATED TO THE JUDGMENT PROCEEDINGS

12. If counsel for any party is required by law or court order to disclose, disseminate, or transmit any portion of any Confidential Information produced under this order to any person or entity not identified herein as entitled to access of Confidential Information, then the name of that person or entity and the reason access is required shall be provided to OFAC no less than fourteen (14) days prior to disclosure, dissemination, or transmittal so as to provide OFAC (or any other agency of the United States) sufficient time to object and seek a protective order as necessary.

   a. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

   b. If any portion of any Confidential Information produced under this Protective Order is required by law or court order to be disclosed to a person or entity not identified herein as entitled to access, then the person or entity receiving the Confidential Information shall, before receiving the Confidential Information, be provided with a copy of this Protective Order and shall acknowledge their

agreement to comply with this Protective Order by fully executing a copy of the attached Acknowledgment Form.

**TERMINATION OF LITIGATION AND JUDGMENT-RELATED PROCEEDINGS**

13. The termination of the *Abu Marzook* Litigation or any proceeding incident to efforts to collect on the judgment entered in the *Abu Marzook* Litigation shall not relieve any person or party who has been provided Confidential Information of his, her, or its obligations under this Protective Order.

14. Within sixty (60) days of the resolution by settlement or final judgment of the last proceeding incident to efforts to collect on the judgment entered in the *Abu Marzook* Litigation, and the termination of any appeals therefrom, all Confidential Information and copies thereof shall be promptly destroyed, except that counsel for each party may retain one complete set of any such materials that were presented to the Court in any form. Any such retained materials shall be placed in an envelope or other sealable container, the envelope or sealed container shall be marked "Confidential Information Subject to Protective Order," and the party shall attach a copy of this Protective Order to the envelope or sealed container.

15. The provisions of this Protective Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge in a manner that not is not in violation of this Protective Order.

**SCOPE OF PRIVILEGES AND PROTECTIONS**

16. Entry of this Protective Order only constitutes a determination that OFAC is authorized to disclose information that is subject to the Trade Secrets Act, 18 U.S.C. § 1905, in response to the January 2023 Subpoena to the extent such disclosures are made under the terms provided in this Protective Order. Entry of this Order does not constitute a determination as to any

other right, privilege, or immunity OFAC may have with respect to the January 2023 Subpoena, or any objection(s) OFAC may have to the January 2023 Subpoena.

17. OFAC's disclosure of information pursuant to this Order shall not constitute a waiver or adjudication of any objection to the January 2023 Subpoena OFAC may have or any right, privilege, defense, or immunity OFAC may have with respect to any information that it discloses in response to the January 2023 Subpoena, nor does it constitute a determination by OFAC with respect to any legal right(s) that any party may have in any proceedings incident to efforts to collect on the judgment in the *Abu Marzook* Litigation.

18. OFAC and the United States reserve the right to seek a further protective order to limit the use or dissemination of any record, document, or piece of information the disclosure of which the Court may order in this action.

19. Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof, from using or disclosing Confidential Information for any other purposes authorized by law. Entry of this Order does not prohibit subsequent disclosure of Confidential Information directly to OFAC or to counsel for the United States.

It is **SO ORDERED** on this _____ day of _____, 2023.

_____
**ROBERT N. SCOLA**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-cv-23272-SCOLA

SHARON WEINSTOCK, individually,
as the legal guardian of plaintiff Geula Weinstock,
and as personal representative of the Estates of
Yitzchak Weinstock, Dov Weinstock,
Rabbi Simon Dolgin, and Shirley Dolgin;
MOSHE WEINSTOCK, individually,
as the legal guardian of Geula Weinstock,
and as personal representative of the Estates of
Yitzchak Weinstock and Dov Weinstock;
GEULA WEINSTOCK;
ARYEH WEINSTOCK;
CHAIM WEINSTOCK;
ESTATE OF YITZCHAK WEINSTOCK;
ESTATE OF DOV WEINSTOCK;
ESTATE OF RABBI SIMON DOLGIN; and
ESTATE OF SHIRLEY DOLGIN,

    Plaintiffs,

v.

MOUSA MOHAMMED ABU MARZOOK,
(a/k/a "Musa Abu Marzook," "Mousa Abu Marzouk,"
"Musa Abu Marzouk," "Abu Omar," or "Abu Umar"),

    Defendant.
_____/

## ACKNOWLEDGEMENT FORM[2]

**Instructions:** Access to Confidential Information cannot be granted unless and until the individual seeking access to the Confidential Information (i) initials each paragraph, dates this form, prints his or her name, and signs this form; and (ii) provides a fully executed copy of this form to the individual or entity from whom he or she is seeking access to the Confidential Information.

_____ The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the U.S. District Court for the Southern District of Florida in

---

[2] This form relates to the Protective Order issued in connection with a subpoena, dated January 11, 2023, issued by Plaintiffs to the U.S. Department of Treasury's Office of Foreign Assets Control.

8

  the above-captioned action and that he or she understands the terms of the Protective Order and agrees to be bound by each of the terms within the Protective Order.

_____ The undersigned agrees not to use or disclose any Confidential Information made available to him or her in a manner other than in strict compliance with the Protective Order.

_____ The undersigned acknowledges that his or her duties under the Protective Order shall survive termination of this case and are permanently binding.

_____ The undersigned agrees that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court and agrees to submit himself or herself to the jurisdiction of the Court for the purpose of the imposition of such sanctions as the Court may deem warranted by his or her failure to comply with the terms of the order.

Date: _____

Name (Print): _____

Signature: _____

Relationship to Case: _____